## HALLE v. COMMISSIONER OF INTERNAL REVENUE.

No. 29, Docket 20529.

United States Court of Appeals Second Circuit.

Argued May 11, 1949.

Decided June 1, 1949.

Before CHASE, CLARK and DOBIE, Circuit Judges.

Louis Halle, New York City, Edward Halle, New York City, for petitioner.

Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack, Helen Goodner and S. Dee Hanson, Special Assistants to the Attorney General, for respondent.

DOBIE, Circuit Judge.

This is an appeal from a decision of the Tax Court of the United States which determined deficiencies in individual income taxes of Louis Halle, deceased, for the taxable years 1929–1938, inclusive, in the amount of $184,943.96 and imposed as additions thereto 50% penalties for fraud in the amount of $92,482.10, plus interest on both these sums.

The following table shows these deficiencies and penalties, as broken down by the Tax Court, for the ten years in question:

| Year | Deficiency | 50% Penalty |
| --- | --- | --- |
| 1929 | $ 8,758.44 | $ 4,379.22 |
| 1930 | 32,848.13 | 16,424.07 |
| 1931 | 39,526.86 | 19,763.43 |
| 1932 | 41,565.55 | 20,782.78 |
| 1933 | 9,969.82 | 4,984.91 |
| 1934 | 11,216.53 | 5,614.56 |
| 1935 | 15,287.97 | 7,647.79 |
| 1936 | 11,554.96 | 5,777.48 |
| 1937 | 7,220.91 | 3,610.46 |
| 1938 | 6,994.79 | 3,497.40 |

From this table it will be readily seen that the average yearly deficiency (as determined by the Tax Court) for the ten years exceeded $18,000; that the minimum deficiency for any one year (1938) was nearly $7,000, with a maximum (1932) in excess of $41,000; and that for three successive years (1930–1932 inclusive) the yearly deficiency in each instance exceeded the sum of $32,000. These figures are clearly significant.

This appeal presents to us two questions: (1) whether we can sustain the findings of the Tax Court as to the deficiencies in taxpayer's income and the Tax Court's imposition of 50% fraud penalties for the years in question; and (2) whether it was reversible error for one judge of the Tax Court to hear this case and for another judge of the Tax Court to write the opinion. We think the first question must be answered in the affirmative and the second question in the negative, so that we must affirm the Tax Court's decision.

Apposite federal statutes in this case are set out below:

Revenue Act of 1928, c. 852, 45 Stat. 791:

Sec. 22. Gross Income.

"(a) General Definition. 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also

from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever." 26 U.S.C.A. § 22.

Sec. 293. Additions to the Tax in Case of Deficiency.

"(b) Fraud. If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended." 26 U.S.C.A. § 293.

Internal Revenue Code:

Sec. 1112. Burden of Proof in Fraud Cases.

"In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Commissioner." 26 U.S.C.A. § 1112.

Taxpayer, during the years in question, was a prosperous and successful lawyer in New York City. Particularly lucrative was his practice while the Volstead Act, 27 U.S.C.A. § 1 et seq., was in effect. He kept bank accounts in his own name and a brokerage account, while his wife maintained a bank account and a pretty active brokerage account in her name. Practically all the funds in the bank and brokerage accounts of the wife were provided by taxpayer, with the exception of small sums representing income on, or gain from, her investments. And, apparently the money given to the wife came from taxpayer's earnings. Taxpayer himself gave a number of orders to buy and sell securities for the wife's brokerage account. There was evidence tending to show that during the year 1934, when taxpayer returned an income of $6,500.38, his actual living expenses exceeded $20,000.

During the period beginning at some time in 1934, taxpayer kept a loose-leaf book, showing some of his receipts and disbursements, but this loose-leaf book neither clearly nor completely reflected taxpayer's income. He could produce no records showing receipts and disbursements prior to 1934.

Up to 1934, he personally prepared his own tax returns. After that, his returns were prepared by an accountant who relied upon information furnished by the taxpayer. It seems that the accountant, in preparing these returns, did not examine any of taxpayer's books or records.

Petitioner attacks the findings of the Tax Court as to deficiencies in taxpayer's income on the ground that these findings have no warrant in the record. We think this contention is without merit.

Certain principles are helpful in this connection. The Commissioner's determination bears a presumption of correctness. Old Mission Portland Cement Co. v. Helvering, 293 U.S. 289, 55 S.Ct. 158, 79 L.Ed. 367; Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212; Greenfeld v. Commissioner, 4 Cir., 165 F.2d 318. The federal income tax system is one of self-assessment by the taxpayer. Its efficiency must depend largely on the truth of facts set out by the taxpayer in his return. And, appropriately geared to the gravity of nondisclosure (or false disclosure), Congress has provided varied sanctions, both civil and criminal, to protect that system. Implicit in the working of the system is an obvious duty of keeping proper records imposed on the taxpayer. Nor must the fact be overlooked that the taxpayer here was no unlettered person, ignorant of the methods of business and the purlieus of the law, but, on the contrary, he was a successful lawyer, practicing under the keen competition that obtains in the largest city on this continent.

The Commissioner determined the taxpayer's income during the years here involved from the bankbooks and brokerage accounts of taxpayer and his wife, cancelled checks, check stubs and vouchers, and such other meager records and data as were available. In some instances, the Commissioner made adjustments in favor of the taxpayer (e. g., in the years 1931 and 1934) and these were taken into account by the Tax Court in its findings. No reasonable doubts were resolved against the taxpayer, while the audit and analysis

made by the Commissioner seems to have been as accurate as the circumstances here permitted.

Against this background, taxpayer and his wife introduced little or no genuine evidence to explain the large sums of money deposited in the bank and brokerage accounts. The answers of taxpayer and his wife as to items involving large sums of money were halting, inconclusive and evasive. Again and again, the wife's answers to questions here were simply: "I do not remember," "I can't remember," "I can't tell you." One striking example of this was the deposit, in the wife's name, of some $70,000 with the brokerage firm of Kidder, Peabody & Company in the year 1930. Again, for 1936, taxpayer reported a loss of $2,451.44, yet there was evidence to show that during this year taxpayer deposited in two banks, to the account of his wife and himself, sums in excess of $80,000. Nor could taxpayer explain this (at least) apparent discrepancy. Often, when called on to explain important items involving susbstantial sums of money, taxpayer resorted merely to a general statement that his returns were true and correct.

The decided cases clearly show that we cannot here disturb the Tax Court's findings as to the deficiencies in the taxpayer's income tax. In Hague Estate v. Commissioner, 2 Cir., 132 F.2d 775, 776, certiorari denied 318 U.S. 787, 63 S.Ct. 983, 87 L.Ed. 1154, Circuit Judge Chase said:

"When, in this setting, everything identifiable was excluded by the Tax Court from the decedent's gross income for each year, the residue of the bank deposits not previously reported and remaining unidentified was properly redetermined to be income on the ground that the petitioners had not shown the action of the Commissioner to have been wrong. That they may have been unable so to do because Hague kept inadequate records and was dead, is a possibility of course, but so is the contrary because no one can tell what complete and correct records would have shown about that * * *. However that may be, the petitioners are in the same position whether their failure to show error was due to impossibility or to some other reason."

In Harris v. Commissioner, 4 Cir., 174 F.2d 70, 73, it was said:

"Notwithstanding the uncertainty and lack of precision which necessarily pervades the calculations on which the Tax Court's determinations are based, we do not feel justified in setting them aside. * * * Most important, of course, is the failure or refusal of the taxpayer to produce any records or to render such assistance to the court, although represented by able counsel, as would enable it to make its findings with accuracy and precision. Under such circumstances, approximation in the calculation of net income is justified."

See, also, Stinnett v. United States, 4 Cir., 173 F.2d 129. And, see, Helvering v. Safe Deposit & Trust Co., 316 U.S. 56, 66–67, 62 S.Ct. 925, 86 L.Ed. 1266, 139 A.L.R. 1513; Burnet v. Houston, 283 U.S. 223, 51 S.Ct. 413, 75 L.Ed. 991; Kenney v. Commissioner, 5 Cir., 111 F.2d 374; Malone v. United States, 7 Cir., 94 F.2d 281, certiorari denied 304 U.S. 562, 58 S.Ct. 944, 82 L.Ed. 1529; United States v. Miro, 2 Cir., 60 F.2d 58; Oliver v. United States, 7 Cir., 54 F.2d 48, certiorari denied 285 U.S. 543, 52 S.Ct. 393, 76 L.Ed. 935; Cohan v. Commissioner, 2 Cir., 39 F.2d 540, 543.

Also, we must uphold the Tax Court's finding that taxpayer's returns were fraudulent and therefore subject to the 50% penalties under § 293(b) of the Revenue Act, which is set out, supra. Although the burden was on the Commissioner to prove the fraudulent nature of the returns, we think he has fully borne this burden and that the evidence amply supports the Tax Court's finding in this respect. The deficiencies here were too many, too varied, too continuous and too excessive to be plausibly attributed to inadvertance or carelessness. The transactions here involved were such in magnitude and importance that they could hardly have been overlooked by a prosperous New York lawyer; for all the facts, set in their proper background, simply cry out against any such inference.

We append a number of cases in which imposition of the 50% fraud penalty has been upheld. See, Mauch v. Commissioner, 3 Cir., 113 F.2d 555 (understatement and

504

failure to report substantial sums of money received from unnamed clients); Wickham v. Commissioner, 8 Cir., 65 F.2d 527, 531–532 (only explanation for failure to report true income was that taxpayer entrusted the preparation of his returns to others); Humphreys v. Commissioner, 7 Cir., 125 F.2d 340, certiorari denied 317 U.S. 637, 63 S.Ct. 28, 87 L.Ed. 513 (unexplained income items omitted from tax return); Rusman v. Commissioner, 1944 P-H T. C. Memorandum Decisions, par. 44288, 3 T. C. 1293, petition to review dismissed, 9 Cir., 150 F.2d 543 (unreported income concealed in savings bank accounts and account books improperly reflecting receipts of taxpayer); Rogers v. Commissioner, 6 Cir., 111 F.2d 987 (taxpayer reporting less than one-half of his income). See, also, Harris v. Commissioner, 4 Cir., 174 F.2d 70 (taxpayer was unlettered and ignorant). And see (a criminal case) Stinnett v. United States, 4 Cir., 173 F.2d 129.

■ There is no reversible error here because one judge of the Tax Court (Sternhagen) heard the case and another judge (Murdock) wrote the opinion. Thus, in Seaside Improvement Co. v. Commissioner, 2 Cir., 105 F.2d 990, 992, certiorari denied 308 U.S. 618, 60 S.Ct. 263, 84 L.Ed. 516, Circuit Judge Swan, speaking for this Court, said:

"Findings of fact by the Board are conclusive upon the court if supported by substantial evidence. We regard this principle as applicable even when the findings, because of the expiration of the term of office of the Board's member who heard the testimony, are made by his successor in office and, therefore, are based upon a stenographic record of the testimony."

In like manner, in Davidson v. Commissioner, 5 Cir., 91 F.2d 516, 518, Circuit Judge Foster stated:

"It would unnecessarily, and to no good purpose, complicate and delay the disposition of business by the Board if proceedings before one who had ceased to be a member had to be abandoned and held for naught. It was within the sound discretion of the Board to enter judgment on the findings of fact and opinion of Board member Murdock."

So, also, was the language of Circuit Judge Morton in Foss v. Commissioner, 1 Cir., 75 F.2d 326, 329:

"We think there can be no doubt that the Board of Tax Appeals had the right, if it saw fit to do so, to consider the matter on the stenographic report of the testimony taken by Mr. Love and on the report and determination made by Mr. Murdock." Cf. Banister v. Solomon, 2 Cir., 126 F.2d 740, 741; Standard Oil Co. v. United States, Ct.Cl., 7 F.Supp. 301. We find nothing in the cases cited by petitioner that would shake the authorities which we have just quoted.

The decision of the Tax Court of the United States is affirmed.

Affirmed.