Michael F. DRINKHOUSE, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 262, Docket 23465.

United States Court of Appeals, Second Circuit.

Argued May 13, 1955.

Decided June 8, 1955.

The facts as found by the Tax Court are as follows:

The petitioner is a restaurateur who, during 1945, owned a controlling interest in four corporations operating New York City restaurants, and had additional income from investments in securities and real estate. In September of 1945, he persuaded Miss Lillian Barkow (now Mrs. Lillian Lampel), a distant relative and close friend, to open an account at the Industrial Bank of Commerce, where petitioner also maintained a bank account. On December 4th of the same year, Drinkhouse visited Miss Barkow and presented her with two checks, each in the amount of $5,000, and each payable to "Cash." One was dated December 5th, and the other, December 6th. The checks were in Drinkhouse's handwriting except for the signatures which were blank. He requested Miss Barkow to sign them, which she did.

On December 5th and again on December 6th, Drinkhouse gave to his agent $5,000 in bills of denominations from $1 to $50, and instructed him to deposit the money in Miss Barkow's account at the bank. The agent filled out duplicate deposit-slips, deposited the funds, and returned a duplicate-deposit-slip to Drinkhouse. The bank paid both checks on December 8th. There is no evidence as to when or where they were presented. The checks bear no teller's stamp nor any endorsement or other means of identifying to whom they were paid. The $10,000 did not appear on Drinkhouse's books and was unreported in his tax return for 1945.

The Commissioner determined that the $10,000 was taxable income to Drinkhouse, and the Tax Court so found, entering an order adverse to Drinkhouse. The petitioner seeks review of that order, alleging that the $10,000 was not his, and that, were it his, it was not income taxable to him.

Victor R. Wolder, New York City, for petitioner.

H. Brian Holland, Ellis N. Slack and Morton K. Rothschild, Washington, D. C., for respondent.

Before L. HAND, SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ 1. The Tax Court heard irreconcilable testimony on the question of whether the $10,000 belonged to Drinkhouse. Drinkhouse testified that, at the December 4th meeting in Miss Barkow's apartment, she gave him the money to be deposited in her account. Miss Barkow emphatically denied having given him any funds, and her account of the December 4th episode was corroborated by the testimony of one Bessie Cushenberry who had been present at the time. Reasonable inferences from additional facts support Miss Barkow's version. Thus, for example, she was an experienced and successful manufacturer of costume jewelry, accustomed to daily deposits of funds, and was most unlikely to carry about $10,000 in cash or to choose so unorthodox a method of depositing as Drinkhouse's testimony suggests. Moreover, the checks lacked a teller's stamp, an endorsement, or any other identifying mark by which the check could be traced to the payee. So unusual a departure from the banking norm is perhaps consistent with Drinkhouse's long professional and personal friendship with several of the bank's principal officers, and with his persuasion of Miss Barkow to open an account at that bank. In all of these circumstances, we cannot say that the Tax Court erred in believing Miss Barkow and her corroborator, and in disbelieving Drinkhouse.

■■ 2. Drinkhouse contends that, whether or not the $10,000 was his, it was not income to him. Concededly, proof of bank deposits, standing alone, does not establish the receipt of income. But many other circumstances may create the same inference. Here Drinkhouse, on two days, deposits $10,000 in bills of denominations from $1 to $50; as a restaurateur, he would customarily be in receipt of income in small bills. He had already prepared for the immediate withdrawal of the funds by

checks partially filled out by him. His books and records fail to reveal any outstanding debts, loans, or other likely source for the $10,000. He failed, in his testimony at the trial, or at any other time, to suggest any credible explanation of the source of the funds or the purpose of depositing them. In these circumstances, the inference of income, if not compelling, is surely permissible. See Hague Estate v. Commissioner, 2 Cir., 132 F.2d 775; Halle v. Commissioner, 2 Cir., 175 F.2d 500.

Affirmed.