Victor H. Lawn v. Commissioner.
Lawn v. Commissioner
Docket No. 75386.
United States Tax Court
T.C. Memo 1961-78; 1961 Tax Ct. Memo LEXIS 270; 20 T.C.M. (CCH) 363; T.C.M. (RIA) 61078; March 22, 1961
Victor H. Lawn, pro se, 1349 Lexington Ave., New York, N. Y. Charles T. Shea, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined a deficiency in the petitioner's income tax for 1956 in the amount of $809.72. The issue is whether petitioner for the year 1956 has properly substantiated his claimed deductions for contributions in the amount of $875, taxes in the amount of $421.78, medical expenses in the amount of $667.06 and miscellaneous expenses in the amount of $425. Findings of Fact Victor H. Lawn, *271 hereinafter called the petitioner, is a resident of Rockport, Massachusetts. He filed his individual income tax return for 1956 with the district director of internal revenue for the district of Upper Manhattan, New York. Petitioner's wife, Freda Lawn, filed a separate income tax return for 1956 and itemized her deductions in the return. Petitioner in his 1956 income tax return claimed the following deductions: Contributions
United Hosp.; USO; Red Cross, other
community drives
$300.00
Polio, Heart, TB, cancer, other health
300.00
Univ. Mich. scholarship funds, other
educational
150.00
Miscellaneous charities
125.00
$875.00
Taxes
N. Y. State Income Tax
$271.78
Local taxes, other deductible taxes
150.00
$421.78
Medical and dental expenses, including
drug expenses
$667.06
Miscellaneous
Newspaper Guild (Union) dues
$120.00
Silurian, Overseas Press Club, other pro-
fessional, alumni
130.00
Maps, books, entertainment, other unre-
munerated expenses
175.00
$425.00
Respondent disallowed these deductions in full for lack of substantiation. Opinion The only issue before us is whether the petitioner has properly substantiated the *272 various expenditures which he claimed as deductions in his individual income tax return for 1936. [1] Petitioner appeared pro se at the trial where he was repeatedly advised by the Court that it was necessary for him to establish payment of the various items claimed as deductions; that if he had tax receipts or canceled checks showing the payments he should produce them. Petitioner was sworn as a witness but he made no effort to substantiate these purported expenses. He merely said at the trial that "the only reason I didn't present the substantiation was I felt that certain constitutional restrictions or provisions were involved" and when the Court asked him if he had anything further, he said, "I have nothing further at this point because I have to admit I did not present the checks; I refuse to present the checks." Respondent's determination is presumptively correct and the burden of proof is on petitioner to substantiate these payments. *273 Welch v. Helvering, 290 U.S. 111. Petitioner seems to feel that it is enough to substantiate and establish these expenditures by showing that they were listed in his income tax return. In Louis Halle, 7 T.C. 245, affd. 175 F. 2d 500, we said that we could "not disturb the Commissioner's determination of deficiencies merely upon testimony by the petitioner that his returns as filed were correct" and that "To do so would mean that the Commissioner's adjustments would not be presumptively correct where the taxpayer swore to the correctness of his return." Leonard B. Willits, 36 B.T.A. 294. In view of petitioner's complete failure of proof, we sustain the respondent's determination. Decision will be entered for the respondent. Footnotes
1. Under section 142(a) of the Internal Revenue Code of 1954↩ the petitioner was not allowed to take the standard deduction (section 141), since his wife filed a separate return for that year and itemized her deductions.