JAMES R. DAVIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davis v. Commissioner
Docket No. 6858-79.
United States Tax Court
T.C. Memo 1980-581; 1980 Tax Ct. Memo LEXIS 10; 41 T.C.M. (CCH) 670; T.C.M. (RIA) 80581; December 30, 1980
*10 James R. Davis, pro se. Genevieve K. Murtaugh, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 3,161.00 in petitioner's income tax for the taxable year ended December 31, 1976. Some of the facts have been stipulated and are found accordingly. Petitioner resided in Dayton, Ohio, at the time he filed his petition herein. Respondent's deficiency notice made various adjustments relating to petitioner's cost of goods sold and deductions and credits. Initially, petitioner made a motion to hold respondent in default on the ground that he had failed properly to advise petitioner of the reasons for the various adjustments, as he was allegedly required to do. That motion was denied on September 10, 1979. The case was then calendared for trial, pursuant to notice to the parties, at a trial session of the Court which commenced on September 29, 1980, in Cincinnati, Ohio. After the calendar call, the Court was in telephonic communication with petitioner and informed him that the case would be called for trial at 9:30 a.m. on October 1, 1980. At the call of the case for trial *11 as aforesaid, petitioner took the position that his sworn tax return for the year in question (stipulated into evidence by the parties) was sufficient to relieve him of any responsibility of going forward with any further evidence and that such responsibility shifted to respondent, who was thus required to produce evidence to sustain the adjustments set forth in the deficiency notice. The Court carefully explained to petitioner that his conception of the trial situation was totally erroneous, that the burden of proof was upon him with the consequent responsibility of going forward with evidence to show that the adjustments set forth in the deficiency notice were incorrect, and that the mere existence of an income tax return was not sufficient to discharge that responsibility. Despite further warnings by the Court as to the consequences, petitioner continued to adhere to his position. That the burden of proof is upon the petitioner is clear beyond the shadow of a doubt ( Welch v. Helvering, 290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure), and a tax return is merely a self-serving statement of the taxpayer. It is clearly insufficient to *12 support his position and does not operate to shift the burden of going forward with evidence to respondent. See Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957); Halle v. Commissioner, 7 T.C. 245, 247 (1946), affd. 175 F.2d 500 (2d Cir. 1949). [1]
In his statements when the case was called for trial, petitioner cited numerous cases allegedly supporting his position. Many of the excerpts which he cited from those opinions are taken out of context. Neither those excerpts nor the decisions themselves are pertinent to the case before us. [2]
Under the circumstances, petitioner has failed to carry his burden of proof and respondent's determination is sustained. Decision will be entered for the respondent. Footnotes
1. See also Lawn v. Commissioner, T.C. Memo. 1961-78; Ryan v. Commissioner, T.C. Memo. 1959-131↩, and cases cited therein.
2. See Beck v. Commissioner,↩ 74 T.C.     (Sept. 29, 1980), slip opinion p. 26.