SEYMOUR C. FELDMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Feldman v. Commissioner
Docket Nos. 27771-81, 28256-81.
United States Tax Court
T.C. Memo 1984-420; 1984 Tax Ct. Memo LEXIS 253; 48 T.C.M. (CCH) 792; T.C.M. (RIA) 84420; August 7, 1984. Seymour C. Feldman, pro se. Christopher B. Sterner, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and imposed additions to tax under section 6653(b) [1] as follows: Additions to Tax [2]
Year
Deficiency
Sec. 6653(b)
1975
$23,050.95
$17,098.85
1976
18,484.17
9,242.09
1977
782.00
391.00
*255 The issues for decision are (1) whether petitioner has unreported income in the amounts determined by respondent for the years at issue; (2) whether petitioner is entitled to deductions in excess of the amount allowed by respondent; (3) whether certain salary payments received by petitioner in taxable year 1975 may be deducted from gross income; (4) whether certain pension payments received by petitioner in taxable year 1977 may be excluded from gross income; and (5) whether any part of the underpayment for each of the years at issue was due to fraud. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner residen in Beacon, New York, when he and his wife Evelyn Feldman [3] filed joint Federal income tax returns for taxable years 1975 and 1976. Petitioner also resided in Beacon, New York, when he filed his individual Federal income tax return for taxable year 1977 and when he filed his petitions in these cases. [4]
*256 Petitioner was a practicing medical doctor during the years at issue and reported gross receipts from his private medical practice in the amounts of $35,416.00, $20,000.00, and $22,000.00 for taxable calendar years 1975, 1976, and 1977, respectively. Respondent determined that the gross receipts reported by petitioner from his private medical practice were in error and recomputed the total gross receipts as $66,128.53, $43,601.79, and $32,430.92 for 1975, 1976, and 1977, respectively. Petitioner did not submit complete and adequate books and records to respondent in connection with the audit of his Federal income tax returns for the years at issue. Consequently, respondent recomputed petitioner's gross receipts from his private medical practice using the bank deposits method. Petitioner concedes that the gross receipts from his private medical practice were understated for the years at issue. However, he maintains that the corrected amounts should be $64,187.00, $35,440.00, and $24,894.00 for 1975, 1976, and 1977, respectively. Petitioner offered no explanation for the discrepancies between his gross receipts as reported on his Federal income tax returns and as recomputed *257 by him. Petitioner also concedes that he substantially understated his Federal income tax liabilities in 1967 through 1972. In addition to recomputing petitioner's gross receipts from his private medical practice, respondent disallowed certain deductions petitioner claimed as relating to that practice and certain itemized deductions claimed by petitioner for the years at issue. Respondent also determined that petitioner failed to report interest income in 1975 and 1976 and disallowed an adjustment to gross income for salary payments in 1975 and an exclusion from gross income for pension payments in 1977. [5] Petitioner asserts that some of respondent's adjustments are in error and further maintains that he is entitled to additional deductions and adjustments to income not claimed on the Federal income tax returns for the years at issue. [6]
*258 Finally, respondent determined that petitioner was liable for the additions to tax for fraud under section 6653(b) for each of the years at issue. OPINION We must first consider petitioner's claim that respondent's determinations of his gross receipts from his private medical practice for the years before us are in error. A taxpayer is required to maintain records sufficient to show whether or not he is liable for Federal income taxes.Sec. 6001. Where a taxpayer fails to maintain adequate records, the Commissioner may use other means to determine his income. Sec. 446(b). The bank deposits method has long been sanctioned by this Court and others as an acceptable method of computing income. Estate of Mason v. Commissioner,64 T.C. 651, 656 (1975), affd. 566 F.2d 2 (6th Cir. 1977), and cases cited therein. Here, petitioner failed to maintain and submit to respondent records as to the amount and source of his income. Respondent, therefore, determined that bank deposits made by petitioner are income to him, and petitioner bears the burden of showing *259 that respondent's determination is incorrect. Estate of Mason v. Commissioner,supra at 657; Harper v. Commissioner,54 T.C. 1121, 1129 (1970). Respondent need not prove that all deposits are income. Estate of Mason v. Commissioner,supra at 657; Gemma v. Commissioner,46 T.C. 821, 833 (1966). Petitioner concedes that the gross receipts from his private medical practice are understated. However, petitioner maintains that the total amounts of the understatement as determined by respondent are incorrect. At the trial, petitioner offered only his own computations, without any underlying documentation, and his own unsubstantiated testimony to support his claim that respondent's calculations were in error. We observed petitioner closely during the course of the trial of this case. Based upon that observation and the evasive manner of his testimony, we find that petitioner is not a credible witness. [7] In light of the vague and uncertain nature of petitioner's testimony and our determination as to his credibility, we cannot accept petitioner's self-serving testimony as fact. Petitioner claimed to have documentary *260 evidence underlying his computations but failed to produce such evidence at trial. Such uncorroborated assertions are, under the circumstances here, likewise devoid of credibility. Petitioner, therefore, has not met his burden of proving that respondent's determinations are in error. On the basis of the record herein, we must sustain respondent's determinations of petitioner's unreported gross receipts from his private medical practice for each of the years at issue as set forth in the notices of deficiency. We must also sustain respondent's disallowance of certain deductions claimed by petitioner on his Federal income tax returns for the years at issue and further deny an allowance for additional deductions claimed by petitioner at the trial of these cases. Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Respondent's *261 determinations are presumptively correct, and the burden of proof rests with petitioner. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). In the instant case, with the exception of his claimed casualty loss and legal expenses, petitioner has offered only his own unsubstantiated testimony as to the nature and amount of his claimed deductions. Petitioner's testimony alone is not sufficient to meet his burden of proof. We have determined that petitioner is not a credible witness. His testimony was vague and confusing, and, although he maintained that he had documents to support some of the deductions which he claimed, he did not produce any corroborating evidence of such deductions at trial. It is obvious to this Court that many of petitioner's claimed deductions, such as "nonqualified pension plans" and research and development expenses were conceived out of frustration and desperation and are merely figments of petitioner's fecund imagination. Undoubtedly those claims, which petitioner did not deduct on his tax returns but which he asserted at trial, are an afterthought and are completely without substance. Further, the documents petitioner offered *262 to support his claim to a casualty loss in 1976 and a deduction for legal expenses in 1975 in no manner establishes that a deduction for either of these items is allowable. Petitioner claims that he sustained a casualty loss in 1976 when his basement was damaged by water seepage caused by construction on property adjoining his residence. To corroborate this claim, petitioner offered photographs purportedly of the property damage and a letter from an attorney to Evelyn Feldman regarding a potential suit against the neighboring property owner. However, petitioner testified that the property damage was gradual and that he had been compensated for the damage to the property. Section 165(a) permits a deduction for a loss sustained during the taxable year if the loss is "not compensated for by insurance or otherwise." Clearly, by petitioner's own testimony, he was compensated for the full amount of the loss and, accordingly, is not entitled to a deduction for a compensated casualty. In addition, a casualty for which a loss is deductible under section 165 requires a sudden, unexpected, or unusual *263 cause. Matheson v. Commissioner,54 F.2d 537, 539 (2d Cir. 1931), affg. 18 B.T.A. 674 (1930). Gradual damage from water seepage, which petitioner relates is what happened in this case, simply does not meet any of these requirements. Petitioner also claims that he should be allowed a deduction for legal fees paid in 1975 in the amount of $5,000.00. In support of this claim, petitioner offers a copy of a statement from his attorneys dated November 17, 1976, showing a total of $12,531.25 in legal expenses incurred to that date less a retainer of $7,500.00. This document does not indicate the date on which the retainer was paid, the type of service rendered, or who paid the retainer. In fact, petitioner could not identify the source of funds from which the retainer was paid. Petitioner asserts that the legal services rendered relate to representation in a criminal prosecution for filing false medicare claims. The evidence petitioner presented to the Court is not sufficient to sustain his burden of proving that he paid deductible legal expenses in 1975 because he neither presented evidence of payment in that year nor did he submit any facts as to *264 the circumstances surrounding such payment. The only inference which may be drawn from the statement petitioner offered into evidence is that a retainer was paid by or on behalf of him prior to November 17, 1976. This inference is not sufficient to support a conclusion that petitioner paid a deductible legal expense in 1975. Respondent also disallowed an adjustment to petitioner's gross income for 1975 for salary payments in the amount of $1,000.00 and an exclusion from gross income for 1977 for pension payments in the amount of $126.04. Petitioner offered no evidence to support his contention that respondent's determinations were in error, and on this record we must sustain respondent's determinations. Finally, respondent asserts that petitioner is liable for the additions to tax for fraud under section 6653(b).Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. Professional Services v. Commissioner,79 T.C. 888, 930 (1982). The burden of proving fraud is on respondent. Sec. 7454(a); Rule 142(b). Respondent must affirmatively *265 establish by clear and convincting evidence that some part of the deficiency for each year was due to fraud. Nicholas v. Commissioner,70 T.C. 1057, 1065 (1978); Gemma v. Commissioner,supra at 834. Respondent may meet his burden of proving fraud through circumstantial evidence. Stephenson v. Commissioner,79 T.C. 995, 1005, 1006 (1982); Gajewski v. Commissioner,67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Circumstantial evidence which alone or in conjunction with other factors has been sufficient to support a finding of fraud includes consistent failure to report substantial amounts of income over a period of years, Halle v. Commissioner,175 F.2d 500, 503 (2d Cir. 1949), affg. 7 T.C. 245 (1946), cert. denied 338 U.S. 949 (1950), Estate of Hill v. Commissioner,59 T.C. 846, 856 (1973), Otsuki v. Commissioner,53 T.C. 96, 107 (1969); failure to maintain adequate books and records, O'Connor v. Commissioner,412 F.2d 304, 310 (2d Cir. 1969), Nicholas v. Commissioner,supra at 1066; *266 and the magnitude of the discrepancy between actual and reported income, Otsuki v. Commissioner,supra at 107. The sophistication of the petitioner is also relevant to a determination of fraud. Halle v. Commissioner,supra at 503; Stephenson v. Commissioner,supra at 1006; Marinzulich v. Commissioner,31 T.C. 487, 491, 492 (1958). However, petitioner's failure to satisfy his burden of proof as to the deficiency is not proof of fraud. Otsuki v. Commissioner,supra at 106; Pigman v. Commissioner,31 T.C. 356, 370 (1958). Petitioner is a highly educated individual. During the years involved here, he maintained a private medical practice from which he derived gross receipts for his services. Petitioner did not produce complete and adequate books and records for his private medical practice either during the audit by respondent's agents or at trial, nor did he explain why such books and records were not produced. [8]
The parties have stipulated that *267 petitioner substantially understated his Federal income tax liabilities for 1967 through 1972, but those years are not before us. However, they are indicative of a consistent pattern of petitioner's understanding his income to evade payment of his tax obligations. This pattern continues in each of the years at issue for which respondent determined that petitioner understated his taxable income, such understatements being primarily attributable to underreporting of petitioner's gross receipts from his private medical practice. The understatements of such gross receipts as determined by respondent are in the amounts of $30,712.53, $23,601.79, and $10,430.92 for 1975, 1976, and 1977, respectively. These understatements represent 46 percent, 54 percent, and 32 percent of petitioner's gross receipts from his private medical practice as determined by respondent for the respective years designated. Petitioner concedes that the gross receipts from his private medical practice for the years at issue are understated although he disputes the amount of the understatement. Petitioner maintains that gross receipts from his private medical practice are understated in the amounts of $28,771.00, *268 $15,440.00, and $2,894.00 for 1975, 1976, and 1977, respectively. Under petitioner's computations these understatements represent 45 percent, 44 percent, and 12 percent of petitioner's gross receipts from his private medical practice in 1975, 1976, and 1977, respectively. Petitioner offers no explanation as to why he failed to report approximately one-half of his gross receipts in 1975 and 1976 and approximately one-eighth in 1977 and offered no substantiation for his calculations. On the record before us, we conclude that respondent has satisfied his burden of proof as to the addition to tax for fraud under section 6653(b). The existence of substantial understatements of gross receipts from petitioner's private medical practice in each of the years at issue coupled with petitioner's prior understatements of income, his educational level, and his failure to maintain adequate books and records amply support a finding that a part of the underpayment in each year is due to fraud. To reflect the foregoing, Decisions will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years at issue. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Respondent also determined additions to tax under secs. 6651(a)(1) and 6651(a)(2) for the taxable year 1975. Pursuant to sec. 6653(d), no addition to tax under sec. 6651 shall be assessed with respect to the same underpayment for which an addition to tax under sec. 6653(b) is assessed. Consequently, these additions to tax are not applicable in the instant case.↩
3. Evelyn Feldman is not a party to this action. She has filed a separate petition for the taxable years 1975 and 1976, Docket No. 28331-81. ↩
4. Docket Nos. 27771-81 and 28256-81 were consolidated for trial, briefing, and opinion pursuant to a joint motion to consolidate granted on Oct. 3, 1983.↩
5. Petitioner concedes that he failed to report interest income in the amount of $1,234.38 in 1975 and $2,947.85 in 1976. ↩
6. The additional items petitioner claims are a casualty loss in 1976, contributions to a nonqualified pension plan for himself and other family members in all years at issue, research and development expenses in all years at issue, and a deduction for legal expenses in 1975. Petitioner also claims that he is entitled to a net operating loss carryback under sec. 172(a) for 1975 and 1976.↩
7. On November 11, 1976, petitioner was convicted in the U.S. District Court for the Southern District of New York of ten counts of mail fraud and 43 counts of filing false medicare claims.↩
8. Petitioner did assert that some of his books and records were confidential without further explanation.↩