NORMAN R. JONES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 43780-85.[1]
United States Tax Court
T.C. Memo 1988-522; 1988 Tax Ct. Memo LEXIS 547; 56 T.C.M. (CCH) 603; T.C.M. (RIA) 88522; November 10, 1988
John C. Floyd, III, for the petitioner. Margaret Rigg, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT *548 AND OPINION KORNER, Judge: Respondent determined income tax deficiencies and an addition to tax for petitioner as follows: Addition to Tax
Year
Deficiency
6651(a)(1) [2]
1982
$ 10,429
$ 617.25
1983
7,908
-
By amendment to answer, respondent asserted an additional deficiency of $ 3129 in petitioner's Federal income taxes for 1983. Petitioner has conceded this adjustment. After concessions, the following issues remain for decision: (1) Whether petitioner is entitled to deductions with respect to various rental expenses claimed on his returns; (2) Whether petitioner is entitled to deductions with respect to various employee business expenses claimed on his returns; (3) Whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for failure to file a timely income tax return for tax year 1982. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts *549 and exhibits attached thereto are incorporated herein by this reference. Norman R. Jones ("petitioner") resided in San Francisco, California, when he filed his petition. He filed as a single person on his Federal income tax returns for taxable years 1982 and 1983. During the tax years in issue, petitioner owned a three-unit building at 252-256 Pennsylvania Avenue in San Francisco and lived in the third-floor unit. He rented out the two other units. Petitioner was employed as a computer salesman by Xerox Corporation in the late seventies and early eighties. In 1982, petitioner and three other principals started Harah, Inc., a company involved in the sale and distribution of computer equipment. Harah, which was located in Dallas, Texas, and had retail outlets in Los Angeles, California, employed petitioner during 1982 and 1983. The business failed and petitioner subsequently filed for personal bankruptcy in 1984. Petitioner claimed rental expenses on his Federal income tax returns for 1982 and 1983 as follows: Type of Expense
1982 1983 cleaning and maintenance
$    240
$    400
insurance
335
335
interest
16,956
17,988
legal
200
repairs
691
water
425
garbage
240
taxes
1,800
utilities
840
interest
1,500
depreciation
6,710
6,296
TOTAL
$ 25,797
$ 29,159
*550 Petitioner claimed employee business expenses in 1982 and 1983 arising from his employment with Harah, Inc. in the following amounts: Type of expense
1982 1983 79% of car expenses
$  3,822
$ 2,780
Depreciation of car
5,453
4,524
Parking and fees
200
Airplane and other fare
965
Meals and lodging
1,312
Entertainment
1,112
1,306
TOTAL
$ 12,864
$ 8,610
Petitioner filed his Federal income tax return for 1982 on July 7, 1983, but failed to request an automatic extension of time within which to file the return. In his statutory notice of deficiency respondent originally disallowed all rental expense deductions and employee business expenses deductions for 1982 and 1983. However, respondent has conceded that petitioner is entitled to deduct interest of $ 14,193.34 incurred with respect to his rental property on his 1982 income tax return. OPINION Rental Expenses
Section 212 provides a deduction for all ordinary and necessary expenses paid or incurred during the taxable years for the management or maintenance of property held for the production of income. Petitioner bears the burden of proof of establishing that he is entitled to *551 deduct rental expenses that he alleges were incurred in the operation of his building. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner rented two of the three units in his house in order to receive rent income and, in doing so, was engaged in the management or maintenance of property held for the production of income. However, petitioner has failed to substantiate any of his claimed deductions except for the $ 14,193.34 of interest expense incurred in 1982 which respondent conceded and except for depreciation discussed infra.
Petitioner claims that he is unable to substantiate these expenses because his records were lost while he was being treated at a chemical abuse program. He testified that he has not been able to obtain duplicate records because the Stout Street Foundation, where he was institutionalized for drug dependence, did not allow him to have contact with the outside world until he had completed ninety days of treatment. Although we are sympathetic with petitioner's plight, the fact remains that petitioner has failed to substantiate his claimed deductions. We believe that he could have reconstructed most, if not all, of the *552 records that were lost by obtaining duplicate copies and other written evidence. Even without documentation, petitioner could have discussed the details of his alleged rental expenses, such as the extent of the insurance coverage, the nature of legal and professional fees incurred and the type of repairs which were made to the building. He did not and therefore has failed to meet his burden of proof as to these claimed deductions. Additionally, several expenses claimed on petitioner's returns for 1982 and 1983 simply appear not to have been incurred. Although petitioner claimed to have paid each month for garbage collection during each of the years in dispute, respondent presented evidence that the city authorities had placed a lien on the building on January 6, 1983, for failure to pay the refuse service bill for September 1982. Petitioner's deductions for payment of property tax on the building are also unwarranted in light of property tax records which show that he had not paid his 1982 and 1983 property taxes by the end of 1983. In the instant case, petitioner failed to prove that the claimed rental expenses were spent or incurred at all. The only evidence petitioner *553 has presented concerning the rental expenses are copies of his income tax returns for the years in dispute. These documents, however, are self-serving and provide no evidence of incurred expenses. Ronnen v. Commissioner,90 T.C. 74 (1988). We decline to find that petitioner incurred these expenses solely on the basis of deductions claimed on his tax returns. Cf. Halle v. Commissioner,7 T.C. 245 (1946), affd. 175 F.2d 500 (2d Cir. 1949), cert. denied 338 U.S. 949 (1950). Although petitioner may have incurred some expense in the rental of two units in his building, the evidence is simply insufficient for us to make any reasonable estimate of the expenses incurred. We therefore decline to estimate the amount of petitioner's rental expenses using the rule of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). See Williams v. United States,245 F.2d 559, 560 (5th Cir. 1957). We hold, however, that petitioner is entitled to deduct depreciation on the building in the amount of $ 6,625 and $ 6,210 for 1982 and 1983, respectively. Petitioner has proven that he managed and maintained two of *554 the units in his building for the production of income. Petitioner has proven that this allowable basis in the building was $ 118,619. Basing allowable depreciation on a 20-year period using the 125-percent declining balance method of depreciation, as used by petitioner in his returns, petitioner is entitled to claim the deduction. Travel and Entertainment Expenses
Petitioner also claims deductions with respect to travel and entertainment expenses allegedly incurred with respect to his employment with Harah, Inc. As in the case of the rental expenses, petitioner bears the burden of proof with respect to these deductions. Welch v. Helvering, supra; Rule 142(a). Entertainment expenses and traveling expenses incurred while away from home are deductible from gross income if they are ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business. Sec. 1.162-1(a), Income Tax Regs.
Even if such expenses are deductible under section 162, they must be substantiated pursuant to section 274(d) and the regulations thereunder. Sec. 1.274-1, Income Tax Regs.Section 1.274-5(b), Income Tax Regs., establishes the following *555 substantiation requirements a taxpayer must meet in order to deduct these types of expenses: Section 274(d) and this section contemplate that no deduction shall be allowed for any expenditure for travel, entertainment, or a gift unless the taxpayer substantiates the following elements for each such expenditure: (i) Amount; (ii) Time and place of travel or entertainment (or use of a facility with respect to entertainment), or date and description of a gift; (iii) Business purpose; and (iv) Business relationship to the taxpayer of each person entertained, using an entertainment facility or receiving a gift. Section 1.274-5(c), Income Tax Regs., states that a taxpayer must substantiate each element of an expenditure by adequate records or by sufficient evidence corroborating his own statement. To meet the adequate record requirement, a taxpayer must maintain an account book, diary, statement of expense or similar record and documentary evidence which are sufficient in whole to establish each element of an expenditure. Sec. 1.274-5(c)(2)(i), Income Tax Regs.
Section 1.274-5(c)(3), Income Tax Regs., provides an alternative if the taxpayer fails to substantially comply *556 with the adequate records requirement. To make this alternative substantiation, the taxpayer must establish each element of the expenditure: (i) by his own statement, whether written or oral, containing specific information in detail as to such element; and (ii) By other corroborative evidence sufficient to establish such element. Finally, section 1.274-5(c)(5), Income Tax Regs., also provides that a taxpayer has the right to substantiate a deduction by a reasonable reconstruction of his expenditures if his failure to produce adequate records is attributable to circumstances beyond his control, such as destruction by fire, flood or other casualty. Petitioner has not complied with the detailed substantiation requirements of section 274 and the regulations thereunder. Petitioner did not testify as to the dates he travelled, the places he traveled, the duration of the trips, the type of transportation used, the cost of each trip, the business purpose of each trip, or the persons entertained. Even though petitioner presented receipts totaling $ 111.39, he did not establish what these expenses were incurred for. Even if we were to find that petitioner's failure to produce adequate *557 records was attributable to circumstances beyond his control, petitioner has not attempted to reconstruct his expenditures. We are unable to approximate petitioner's expenses under Cohan because section 1.274-5(a), Income Tax Regs., expressly supersedes the Cohan rule in cases of travel and entertainment expenses. We find for respondent on this issue. Addition to Tax
Petitioner has stipulated that his Federal income tax return for 1982 was filed on July 7, 1983. Petitioner did not request an extension of time in which to file. Since petitioner has not presented evidence on this issue and did not show that his failure to file was due to a reasonable cause, we hold that petitioner is liable for an addition to tax for failure to timely file, pursuant to section 6651(a)(1). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. The Court received a petition from Norman R. Jones for his 1983 tax year which was stamped docket No. 43780-85S. On that same date under the same cover the Court also received a petition for Jones' 1982 tax year which was stamped with the same docket number. The 1982 petition was then inadvertently served upon respondent as a file stamped copy of the petition for the 1983 year. Respondent moved to remove the small case designation on the grounds that the deficiencies for 1982 and 1983 exceeded the $ 10,000 limit for small tax cases prescribed by section 7463 and Rule 171. We joined the two petitions under the same docket number and removed the small tax case designation.↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩