T.C. Summary Opinion 2009-188

UNITED STATES TAX COURT

AARON LEE HILL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28057-08S.                    Filed December 10, 2009.

Aaron Lee Hill, pro se.

<u>Nicholas Doukas</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.  Pursuant to
section 7463(b), the decision to be entered is not reviewable by
any other court, and this opinion shall not be treated as
precedent for any other case.  Unless otherwise indicated,

subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $5,840 deficiency in petitioner's 2007 Federal income tax. The issues for decision are whether petitioner: (1) Is entitled to dependency exemption deductions for his niece and nephew; (2) qualifies as a head of household; (3) is entitled to child tax credits; and (4) is entitled to an earned income credit (EIC).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in California.

A.M.[1] is the son of Demetria L. Hill (Ms. Hill) and was 9 years old in 2007. S.M. is the daughter of Ms. Hill, and was 1 year old in 2007. Petitioner is the brother of Ms. Hill, and A.M. and S.M. are his nephew and niece, respectively.

Ms. Hill has four children and, at some time before the beginning of 2007, experienced difficulty in providing for her children. Ms. Hill was unable to provide a home for her children and, in fact, was living with a friend during 2007. Ms. Hill and

---

[1]The Court refers to minor children by their initials. Rule 27(a)(3).

petitioner agreed that two of her children would live with Ms. Hill at her friend's home, and A.M. and S.M. would live with petitioner. This arrangement began before 2007 and continued throughout the year.

Petitioner was living with a female domestic partner during 2007, and the couple cared for A.M. and S.M. insofar as providing lodging, childcare, most evening meals, and transportation to and from school. For 2007 petitioner reported approximately $17,000 in total income. Petitioner's domestic partner earned approximately $100,000 in 2007.

During weekdays petitioner's mother provided childcare for S.M. while A.M. attended school and had breakfast and lunch provided by the school. Petitioner's mother also provided childcare for A.M. and Ms. Hill's other two children after school. Petitioner's mother's address was used for the children so they could all attend the same school and so that they could all stay together for some time after school. At the end of the day petitioner picked up A.M. and S.M. and brought them to his home. Petitioner's mother delivered the other two children to Ms. Hill.

Petitioner paid his mother approximately $400 per month for childcare for A.M. and S.M. Petitioner also paid approximately $400 per month to his domestic partner for the costs of maintaining the home. Additionally, petitioner spent

approximately $200 in groceries per month for A.M. and S.M. There is no evidence that A.M.'s and S.M.'s mother or any other persons provided support for the children.

In early 2008 petitioner prepared his 2007 tax return using a computer program. On the return he reported head of household status, claimed dependency exemption deductions, the EIC, and child tax credits with respect to A.M. and S.M. and claimed a refund of $5,678.

As indicated, on September 2, 2008, respondent issued a notice of deficiency determining a deficiency of $5,840. Only the face page and the waiver page of the notice of deficiency were included in the record. It appears respondent's adjustment reflects a single filing status with no dependents and further, that petitioner is ineligible for the claimed dependency exemption deductions, the EIC, and child tax credits.[2]

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions

---

[2]Petitioner's income, without claiming the dependency exemption deductions, would make him ineligible for the EIC. Changing his filing status and disallowing the deductions and credits would show petitioner owing a tax of about $162. This amount, in addition to the $5,678 refund, results in the deficiency of $5,840.

are a matter of legislative grace.  Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer bears the burden of proving that the taxpayer is entitled to any deduction claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, supra; Wilson v. Commissioner, T.C. Memo. 2001-139.  A taxpayer is required to maintain records sufficient to substantiate deductions claimed on his or her income tax return.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.  The fact that a taxpayer reports a deduction on a return is not sufficient to substantiate the claimed deduction.  Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974).  Rather, an income tax return is merely a statement of the taxpayer's claim; it is not presumed to be correct.  Wilkinson v. Commissioner, supra at 639; Roberts v. Commissioner, supra at 837; see also Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the claimed deduction or exclusion); Halle v. Commissioner, 7 T.C. 245 (1946) (a taxpayer's income tax return is not self-proving as to the truth of its contents), affd. 175 F.2d 500 (2d Cir. 1949).

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the substantiation and recordkeeping requirements. Sec. 7491(a)(2)(A) and (B). Petitioner therefore bears the burden of proof. See Rule 142(a).

I. Dependency Exemption Deductions

Section 151 allows a deduction for each individual who qualifies as a dependent of the taxpayer as defined in section 152. Section 152(a) provides that a dependent means a qualifying child or a qualifying relative. Section 152(c)(1) defines a "qualifying child" as an individual:

> (A) who bears a relationship to the taxpayer, such as a descendant of the taxpayer's brother or sister;
>
> (B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year (aside from special rules applicable to divorced or separated parents);
>
> (C) who is under the age of 19 or is a student who has not attained the age of 24 as of the close of the calendar year and
>
> (D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.

Petitioner has produced sufficient evidence to show A.M. and S.M. meet the requirements of section 152(c)(1)(A) since they are children of his sister. Petitioner has produced credible

evidence to show both that the children resided with him for more than one-half of 2007 and the ages of A.M. and S.M. (1 and 9 in 2007) to meet the requirements of section 152(c)(1)(B) and (C). The Court is further satisfied that the children, ages 1 and 9, did not provide more than one-half of their own support in 2007, and there is no evidence that A.M. and S.M. received any other support as defined in section 1.152-1(a)(2), Income Tax Regs. Thus, the children meet the requirement of section 152(c)(1)(D). Consequently, A.M. and S.M. are "qualifying children" under section 152(c) and are thus petitioner's dependents under section 152(a)(1). Consequently, petitioner is entitled to dependency exemption deductions for the two children.[3]

## II. Head of Household Filing Status

Section 1(b) imposes a special tax rate on an individual taxpayer who files a Federal income tax return as a head of household. Section 2(b) defines a head of household as an individual taxpayer who: (1) Is unmarried as of the close of the taxable year and is not a surviving spouse; and (2) maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of

---

[3]We recognize that our conclusion suggests a finding that virtually all of petitioner's expendable income went to support the children. We found petitioner's testimony to be credible, and we are satisfied that he was committed to caring for his sister's children at a time when his sister was unable to care for them.

such household, of a dependent for whom the taxpayer is entitled to a deduction under section 151. See also, e.g., <u>Rowe v. Commissioner</u>, 128 T.C. 13, 16-17 (2007). The taxpayer is considered as maintaining a household only if the taxpayer furnishes over one-half of the cost of maintaining the household. Sec. 2(b)(1).

In order for the Court to determine whether the taxpayer provided over one-half of the cost of maintaining the household, the taxpayer must prove the total cost of maintaining the household. Costs of maintaining a household include "property taxes, mortgage interest, rent, utility charges, upkeep and repairs, property insurance, and food consumed on the premises." Sec. 1.2-2(d), Income Tax Regs.

As indicated, petitioner testified that he gave his domestic partner approximately $400 per month for household expenses and expended approximately $200 per month on food for the household. There is no evidence of the total cost of maintaining the household. Without evidence showing the total cost, the Court cannot conclude that petitioner has provided more than one-half of the cost of maintaining the household. Since petitioner has not provided evidence to show he maintained the household as defined in the regulations, he is not entitled to head of household filing status.

III. Earned Income Credit

An eligible individual is entitled to a credit against his Federal income tax liability, calculated as a percentage of his earned income, subject to certain limitations. Sec. 32(a)(1); Rowe v. Commissioner, supra at 15. Different percentages and amounts are used to calculate the EIC, depending on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children. Sec. 32(b); Rowe v. Commissioner, supra at 15. A "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c). Sec. 32(c)(3)(A).

As previously discussed, A.M. and S.M. are petitioner's qualifying children; thus, petitioner is entitled to the EIC for 2007 with two qualifying children.

IV. Child Tax Credits

Section 24(a) provides a credit with respect to each qualifying child of the taxpayer. Section 24(c)(1) defines the term "qualifying child" as "a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."[4] The child tax credit may not exceed the taxpayer's regular tax liability. Sec. 24(b)(3). Where a taxpayer is eligible for

---

[4]The credit is reduced by $50 for each $1,000 (or fraction thereof) by which an individual's modified adjusted gross income exceeds $110,000 in the case of a joint return, $75,000 in the case of an unmarried individual, and $55,000 in the case of a married individual filing a separate return. Sec. 24(b).

the child tax credit but the taxpayer's regular tax liability is less than the amount of the child tax credit potentially available under section 24(a), section 24(d) makes a portion of the credit, known as the additional child tax credit, refundable.

Since A.M. and S.M. are qualifying children and as noted above were below the age 17 in 2007, petitioner is entitled to the child tax credit and the additional child tax credit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.