TRAVIS L. AND SHIRLEY MANNING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Manning v. Commissioner
Docket No. 3258-93.
United States Tax Court
T.C. Memo 1995-408; 1995 Tax Ct. Memo LEXIS 407; 70 T.C.M. (CCH) 490; August 22, 1995, Filed *407 Decision will be entered under Rule 155. Travis L. Manning, pro se. Rebecca Dance Harris and William W. Kiessling, for respondent. FAY, Judge FAY
MEMORANDUM OPINION FAY, Judge: By statutory notice of deficiency, dated November 19, 1992, respondent determined deficiencies in and additions to petitioners' Federal income taxes in the following amounts: Additions to Tax
Sec.
Sec.
6653(b)
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
(1)(A)
6661
6662(a)
6663
1988
$ 7,900.50
$ 983.50
$ 8,875.88
$ 1,975.12
--  --  1989
7,749.92
548.64
--  --  --  $ 5,812.44
1990
3,051.30
722.07
--  --  $ 514.26
--  1991
6,371.96
--  --  --  1,162.39
--  All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. After concessions by the parties, the issues remaining for decision are as follows: (1) Whether petitioners are entitled to Schedule A charitable contribution deductions in excess of those allowed by respondent for the 1988, 1989, 1990, and 1991 taxable years. We hold that they are *408 not. (2) Whether petitioners had additional Schedule C income of $ 15,250 for the 1989 taxable year. We hold that they did. (3) Whether petitioners are entitled to Schedule C cost of goods sold in excess of that allowed by respondent for the 1988 taxable year. We hold that they are not. (4) Whether petitioners are entitled to deduct Schedule C repair expenses in excess of those allowed by respondent for the 1988 taxable year. We hold that they are not. (5) Whether petitioners are entitled to deduct Schedule C wage expenses in excess of those allowed by respondent for the 1988 taxable year. We hold that they are not. (6) Whether petitioners are entitled to deduct Schedule C legal fee expenses of $ 1,200 and $ 600 for the 1988 and 1989 taxable years, respectively. We hold that they are not. (7) Whether petitioners are entitled to deduct amounts claimed on Schedule C as taxes paid in excess of those allowed by respondent for the 1988 and 1989 taxable years. We hold that they are not. (8) Whether petitioners are entitled to deduct amounts claimed on Schedule A as taxes paid in excess of those allowed by respondent for the 1989, 1990, and 1991 taxable years. We hold that they are *409 not. (9) Whether petitioners are entitled to deduct amounts claimed on Schedule E as repair expenses to rental property in excess of those allowed by respondent for the 1988 and 1989 taxable years. We hold that they are not. (10) Whether petitioners are entitled to deduct amounts claimed on Schedule E as labor expenses in excess of those allowed by respondent for the taxable years 1988 and 1989. We hold that they are not. (11) Whether petitioners are entitled to deduct amounts claimed on Schedule E as cleaning expenses in the amount of $ 400 in the taxable year 1989. We hold that they are not. (12) Whether petitioners are entitled to deduct amounts claimed on Schedule E as rental expenses in excess of the amount allowed by respondent for the taxable year 1990. We hold that they are not. (13) Whether petitioners are entitled to deduct amounts claimed on Schedule E as rental expenses in excess of the amount allowed by respondent for the taxable year 1991. We hold that they are not. (14) Whether petitioners are entitled to deduct $ 6,738.56 as a Schedule C loss in the taxable year 1991. We hold that they are not. (15) Whether petitioners are liable for the addition to tax provided *410 by section 6661, substantial understatement, for the taxable year 1988. We hold that they are. (16) Whether petitioners are liable for the addition to tax provided by section 6651(a)(1), failure to file, for the taxable years 1988, 1989, and 1990. We hold that they are. (17) Whether petitioners are liable for the addition to tax provided by section 6653(a)(1), negligence, for the taxable year 1988. We hold that they are. (18) Whether petitioners are liable for the penalty provided by section 6662, negligence, for the taxable years 1989, 1990, and 1991. We hold that they are. Discussion
Some of the facts have been stipulated and are found accordingly. The stipulation and the exhibits attached thereto are incorporated by this reference. Petitioners were residents of Huttig, Arkansas, at the time of filing their petition. Petitioners were gainfully employed during the taxable years 1988, 1989, 1990, and 1991, the years at issue in this case, receiving wage income of $ 58,441.53, $ 60,000.04, $ 63,008, and $ 64,548.73, respectively. Travis Manning (petitioner) worked as an operator for the Lion Oil Co., and petitioner Shirley Manning worked as a teacher for the Strong School *411 District. During the years at issue, petitioners owned rental property, from which they derived rental income and incurred rental expenses, reporting these on Schedules E of their 1988, 1989, 1990, and 1991 Federal income tax returns. Petitioners also attempted to run two businesses. Petitioners first tried to operate a grocery store. In 1988 petitioners opened the "M & M Grocery Store". They left the grocery business in 1989, reporting losses in the taxable years 1988 and 1989 of $ 17,704.51 and $ 11,425.69, respectively. Petitioners reported the income and expenses attributable to the M & M Grocery Store on Schedules C of their 1988 and 1989 Federal income tax returns. Petitioners soon thereafter tried to run a second business, this time opening the "Manning Game Room". The games in the Manning Game Room included ping pong, pool, and video games. This business also proved unsuccessful, and petitioners quit the game room business after 1 year. Petitioners reported all the income and expenses attributable to the Manning Game Room on Schedule C of their 1991 Federal income tax return, reporting a net loss of $ 6,738.56. Petitioners' business records were poorly maintained and failed *412 to adequately document and substantiate their claimed business deductions and income. Respondent, in her notice of deficiency, disallowed several of the Schedule C deductions claimed by petitioners and also determined that petitioners had unreported gross receipts from their grocery store. Petitioners' poor recordkeeping was not limited to their business ventures. Respondent, in her notice of deficiency, also disallowed, primarily for lack of substantiation, some of petitioners' Schedule E rental deductions and some of petitioners' personal deductions for the taxable years at issue in this case. Petitioners filed a pro se form petition in which they disputed the full amounts of the deficiencies and additions to tax determined by respondent and in which they claimed overpayments of tax for each of the tax years in issue. However, the petition lists the adjustments with which petitioners disagree in vague and general terms, and the petition also lacks clear statements of the facts on which petitioners base the assignments of error. Petitioners demonstrate a failure to comprehend many of the Rules and procedures of this Court. Efforts by respondent to acquire a copy of petitioners' *413 records were not productive. A judicial order was required to induce petitioners to comply with the discovery procedures and to grant respondent access to petitioners' records. This Court's order, dated February 25, 1994, ordered that (1) petitioners provide respondent with the documents, receipts, and records in petitioners' possession, (2) respondent photocopy these documents, and (3) respondent return these documents to petitioners. The stack of documents which petitioners supplied respondent in compliance with the judicial order was several inches thick, comprising some 2,000 documents, was unorganized, included receipts for nondeductible personal expenses, and contained many undated and incomplete receipts. Due in large part to petitioners' failure to understand our Rules and procedures, on the morning of the trial, the parties had still not stipulated any facts or documents. The Court then ordered that certain documents be stipulated, including the statutory notice of deficiency and petitioners' tax returns for the years at issue. The Court then ordered the parties to recess and to take time to stipulate petitioners' documents. During the recess, the parties stipulated many *414 of petitioners' documents. Based on these stipulations, the parties were able to settle several issues. However, many of the documents were not stipulated because they did not evidence the deductions claimed. As a preliminary matter, we note that the burden of proof is on petitioners to show that respondent's determinations set forth in her notice of deficiency are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are strictly a matter of legislative grace, and taxpayers bear the burden of proving they are entitled to any deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Additionally, petitioners must keep sufficient records to substantiate the amount of gross income and any deduction that they showed on their return. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.
1. Schedule A Charitable Contribution Deductions
In the notice of deficiency, respondent disallowed most of the charitable contributions deductions claimed by petitioners in the taxable years 1988, 1989, 1990, and 1991. Respondent, however, has conceded that petitioners *415 were entitled to charitable deductions on their 1988, 1989, 1990, and 1991 returns in the amounts of $ 2,327, $ 2,492, $ 3,046, and $ 2,691, respectively. Under section 170, a taxpayer is allowed a deduction for any "charitable contribution" made during the taxable year. In order to be deductible, the contribution must be made to an organization that is a qualified donee. Sec. 170(c). At trial and in their brief, petitioners contended that their cash contributions in 1990 and 1991 to the Christian Outreach Center in the amounts of $ 1,800 [1] and $ 900, respectively, ought to be deductible as charitable contributions. Petitioners presented two handwritten receipts from the church secretary as evidence of their contributions. Respondent determined that the Christian Outreach Center was not a charitable organization for which a deduction is allowed under section 170. Petitioners did not offer a determination letter or other credible evidence to prove that the Christian Outreach Center was a qualified donee. Nor did petitioners present credible evidence to prove entitlement to the other amounts of the claimed charitable contribution deductions in dispute. Petitioners have not met their *416 burden on this issue, and we, therefore, hold for respondent on this issue. 2. 1988 and 1989 Schedule C Sales
In the notice of deficiency, respondent determined that petitioners had additional Schedule C sales in the taxable years 1988 and 1989 in the amounts of $ 16,177.97 and $ 15,250, respectively. Prior to trial, petitioners conceded that they had received additional Schedule C sales income in the taxable year 1988 in the amount of $ 16,177.97. [2] Thus, remaining at issue is whether petitioners had additional Schedule C sales during the taxable year 1989 in the amount of $ 15,250. *417 Respondent used the bank deposit method to determine the sales of M & M Grocery Store for the taxable year 1989. In the absence of adequate books and records, the Commissioner is entitled to reconstruct the income and expenses of a taxpayer in accordance with any method that clearly reflects income. Sec. 446(b); Holland v. United States, 348 U.S. 121 (1954). The bank deposit method is an acceptable method of reconstructing a taxpayer's income. Halle v. Commissioner, 7 T.C. 245 (1946), affd. 175 F.2d 500 (2d Cir. 1949). Petitioners offered no credible evidence to dispute respondent's determination that M & M Grocery Store had additional sales of $ 15,250 during the taxable year 1989. They have not satisfied their burden of proof, and we, therefore, sustain respondent's determination on this issue. 3. 1988 Schedule C Cost of Goods Sold
In the notice of deficiency, respondent disallowed $ 906.25 of the cost of goods sold claimed by petitioners. Petitioners at trial introduced several canceled checks in an effort to substantiate their entitlement to the remaining $ 906.25 of the cost of *418 goods sold. These canceled checks were written out to M & M Grocery, were signed by petitioner Shirley Manning, and were labeled "personal grocery". We do not see how petitioners' purchase of groceries for their apparent personal use from their grocery store entitles them to cost of goods sold. Petitioners offered no other credible evidence to dispute respondent's determination. [3] We sustain respondent with respect to this issue. *419 4. 1988 Schedule C Repair Deduction
In the notice of deficiency, respondent disallowed petitioners' claimed Schedule C deduction for repairs to petitioners' grocery store. Respondent has conceded that petitioners are entitled to $ 351.57 of the deduction. Petitioners offered no credible evidence to dispute respondent's determination. At trial, petitioners contended that some of the deductions taken for repairs on Schedule C should have been taken as rental expenditures on Schedule E, attributing the error to their accountant. Not only was this issue being raised for the first time at trial, petitioners offered no credible evidence to support a deduction under either Schedule C or Schedule E. Accordingly, we hold for respondent on this issue. 5. 1988 Schedule C Wage Deduction
Petitioners claimed a Schedule C deduction for wages in the amount of $ 1,500. Respondent, in her notice of deficiency, disallowed this entire deduction. However, respondent conceded that petitioners were entitled to a Schedule C deduction for wages in the amount of $ 212.50. Petitioners offered no credible evidence to substantiate entitlement to this Schedule C wage deduction, and the record *420 is devoid of evidence disproving respondent's determination. We hold for respondent on this issue. 6. 1988 and 1989 Schedule C Legal Fee Expense Deductions
Petitioners claimed Schedule C deductions for legal fee expenses on their 1988 and 1989 Federal income tax returns in the amounts of $ 1,200 and $ 600 respectively. Respondent, in her notice of deficiency, disallowed these deductions. Petitioners conceded that these expenses are not deductible as legal fee expenses (as stated on their return) but rather that they should be deductible as bookkeeping expenses. Petitioners attempted to substantiate these deductions with several receipts; however, petitioners had already stipulated one of these receipts as substantiation for a $ 1,200 Schedule A deduction for tax preparation expenses for the taxable year 1988. Petitioners cannot use the same item on a receipt to substantiate two distinct deductions. Since petitioners have not introduced any other credible evidence to substantiate entitlement to these business deductions, either as legal fee or bookkeeping expenses, we sustain respondent with respect to this issue. 7. 1988 and 1989 Schedule C Taxe Deductions
Petitioners *421 claimed Schedule C deductions for taxes on their 1988 and 1989 Federal income tax returns in the amounts of $ 1,159.62 and $ 657.29, respectively. Respondent disallowed $ 973.45 of the claimed 1988 deduction and the full amount of the $ 657.29 deduction claimed for 1989. In their reply filed prior to trial, petitioners "conceded" that $ 973.45 was paid in 1988 for taxes incurred in the purchase of a vehicle. In their reply, petitioners also "conceded" that the $ 657.29 taken as a deduction for 1988 was due to a mistake by their tax return preparer. Based on these pleadings, it appeared that petitioners had conceded this issue; however, at trial and on brief, petitioners contended, without explanation, that they were entitled to deductions for taxes paid in 1988 and 1989 in amounts in excess of those claimed on their returns. With regard to the purported sales taxes paid in 1988 on the purchased vehicle, petitioners have offered no evidence that they purchased the vehicle for business purposes. Petitioners have not offered credible evidence to prove that they are entitled to deductions in excess of the amounts allowed by respondent. We hold for respondent on this issue. 8. 1989, *422 1990, and 1991 Schedule A Taxes
Petitioners claimed Schedule A deductions for taxes on their 1989, 1990, and 1991 Federal income tax returns in the amounts of $ 5,602.46, $ 5,718.94, and $ 10,497.92, respectively, for State and local income taxes, real estate taxes, and other taxes. In the notice of deficiency, respondent disallowed portions of these deductions in the amounts of $ 1,908.75, $ 2,739, and $ 7,449.45 for the taxable years 1989, 1990, and 1991, respectively, for lack of substantiation. Petitioners offered no credible evidence to substantiate entitlement to deductions in excess of those allowed by respondent. We hold for respondent on this issue. 9. 1988 and 1989 Schedule E Repairs
Petitioners claimed Schedule E deductions for repairs to rental property on their 1988 and 1989 Federal income tax returns in the amounts of $ 1,649.52 and $ 1,949.52, respectively. In the notice of deficiency, respondent disallowed these deductions in full for both years. Respondent has conceded that petitioners are entitled to deductions for Schedule E repairs of $ 1,295.10 and $ 1,164.60 for the 1988 and 1989 tax years, respectively. In their reply filed prior to trial and again *423 in testimony at trial, petitioners alleged, without any specific details, that they are entitled to a deduction for Schedule E repairs in 1988 for $ 3,175.15, and in 1989 for $ 3,243.40, amounts in excess of the deductions claimed on their returns. Petitioners offered no credible evidence to substantiate deductions in excess of the amounts allowed by respondent. We hold for respondent on this issue. 10. 1988 and 1989 Schedule E Contract Labor Deductions
Petitioners claimed Schedule E deductions for labor on their 1988 and 1989 Federal income tax returns in the amounts of $ 465 and $ 2,200, respectively. In the notice of deficiency, respondent disallowed the deductions in full. Prior to trial, respondent conceded that petitioners were entitled to deduct $ 460 in 1988 and $ 1,615 in 1989. In their reply filed prior to trial and again in testimony at trial, petitioners maintained that they are entitled to Schedule E deductions for contract labor in 1988 for $ 1,230 and in 1989 for $ 2,440. Petitioners again submitted no credible evidence to substantiate these claims. We hold for respondent on this issue. 11. 1989 Schedule E Cleaning Deduction
Petitioners claimed a Schedule *424 E deduction for cleaning in the amount of $ 400. In the notice of deficiency, respondent disallowed this deduction in full. At trial, petitioners testified that they had paid $ 400 to their children for cleaning work they had performed. [4] Other than their testimony, petitioners presented no credible evidence to substantiate this deduction. We hold for respondent on this issue. 12. 1990 Schedule E Rental Deductions
Petitioners claimed a Schedule E deduction for rental expenses in the amount of $ 4,431.05. [5] In the notice of deficiency, respondent disallowed the entire deduction. Respondent, however, has conceded that petitioners were entitled to some of the rental expense deductions, namely, the $ 875 wage expense, *425 as claimed on petitioners' Schedule E; and $ 2,482.81 of the other Schedule E expenses. Thus, $ 1,073.24 of Schedule E expenses remains in controversy for 1990. At trial, petitioners argued for a 1990 deduction in the amount of $ 5,499.08 for Schedule E rental expense. On brief, petitioners argue for a deduction for $ 4,431 in 1990. Petitioners offered no credible evidence to substantiate deductions for either of the claimed amounts. We hold for respondent with respect to this issue. 13. 1991 Schedule E Rental Deductions
Petitioners claimed a Schedule E deduction for rental expenses in the amount of $ 4,678.69. [6] In the notice of deficiency, respondent disallowed the deduction of $ 250 for legal fees, the deduction of $ 985 for wages, and the deduction *426 of $ 1,462.29 for supplies. With regard to the wage expense, respondent conceded that petitioners were entitled to the deduction for the $ 985 wage expense in 1991. Nonetheless, petitioners claimed that they actually incurred Schedule E wage expenses in excess of the $ 985 claimed on their return and conceded by respondent. At trial, petitioners claimed that they actually incurred $ 2,280 of Schedule E wage expenses in 1991. Not only did petitioners fail to plead this $ 1,295 of additional wage expenses, but petitioners have also failed to offer evidence to support any claim for the increased wage deduction. With regard to the legal fee expense, petitioners introduced several *427 receipts and a canceled check to attempt to substantiate their claimed deduction. One of the receipts that petitioners used was already stipulated as evidence of a Schedule A tax preparation fee for $ 175. Petitioners offered several receipts from the Union County Sheriff's Department for paying speeding tickets and a fine for disorderly conduct. Petitioners failed to establish that these are deductible legal expenses rather than expenses which are personal in nature and therefore are not deductible. Sec. 262; see also United States v. Gilmore, 372 U.S. 39 (1963). Petitioners also presented a canceled check in the amount of $ 100 made out to a local law firm. However, petitioners failed to present any evidence regarding the purpose of the payment, and, thus, the canceled check is not adequate proof of entitlement to the deduction. Accordingly, petitioners have not met their burden with regard to the legal fee expense. With regard to the $ 1,462.29 supplies expense deduction claimed, the parties stipulated prior to trial that petitioners were entitled to $ 979.38 of the deduction claimed on the return. At trial, petitioners contended that they actually *428 incurred $ 5,979.81 in expenses. Petitioners have not proven their entitlement to deductions in excess of those allowed by respondent. Petitioners have not met their burden of establishing entitlement to these expense deductions. We, therefore, hold for respondent on this issue. 14. 1991 Schedule C Loss
Petitioners claimed a $ 6,738.56 Schedule C loss. In the notice of deficiency, respondent disallowed the entire amount of the Schedule C loss claimed by petitioners on their 1991 return. Initially, we note that there appears to be a computational error on petitioners' 1991 Schedule C. [7] *429 Petitioners seemed to acknowledge this error at trial, by conceding that they were not entitled to about $ 2,000 of the claimed loss. [8] Instead, petitioners contended at trial that they were entitled to a Schedule C loss in 1991 of $ 4,616.69. While the parties stipulated that petitioners operated the Manning Game Room in 1991, petitioner testified that they actually ran the game room either from mid-1990 to mid-1991 or from mid-1989 to mid-1990; however, they reported all the income and expenses from operation of the game room on their 1991 return. Petitioner testified that they paid their children for cleaning work in 1990. Petitioner testified that they paid for the repairs for a broken window in 1994. [9] Other receipts which petitioners submitted as substantiation for their 1991 Schedule C deductions were dated 1988 and 1989. Section 162 allows a taxpayer to deduct the ordinary and necessary expenses "paid or incurred during the taxable year" in carrying on any trade or business. Sec. 162(a). Since these expenses were incurred and paid, if at all, in taxable years other than 1991, petitioners are not entitled to deductions in 1991. *430 Petitioners also conceded that they have no substantiation for the following expenses reported on their 1991 Schedule C: (1) $ 801.49 utilities; (2) $ 283.00 taxes and licenses; (3) $ 1,404.50 car and truck; and (4) $ 229 insurance. If a taxpayer has no records to prove the amount of a business expense deduction, but a court is satisfied that the taxpayer actually incurred some expense, it may make an allowance based on an estimate. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731 (1985). To make an estimate of expenses under the Cohan rule, there must be sufficient evidence that the amount was spent or incurred for the stated purpose. In the instant case, petitioners presented no evidence that the claimed expenses were spent or incurred for the stated purpose. We hold, therefore, that petitioners failed to meet their burden of proving their entitlement to these deductions, and reject their claim to the contrary. In light of petitioners' concessions and petitioners' confusion over when the expenses were actually paid, petitioners have not met their burden on this issue. We hold *431 for respondent on this issue. 15. Addition to Tax--Substantial Understatement
In her notice of deficiency, respondent determined that petitioners are liable for an addition to tax for substantial understatement of income tax under section 6661 for the taxable year 1988. For purposes of section 6661(a), there is a "substantial understatement of income tax" for a given year if the amount of the understatement exceeds the greater of (a) $ 5,000 or (b) 10 percent of the tax "required to be shown on the return". Sec. 6661(b)(1)(A). An understatement is reduced to the extent it is: (1) Based on substantial authority or (2) adequately disclosed in the return on in a statement attached to the return. Sec. 6661(b)(2)(B). While respondent did concede some of the deductions claimed by petitioners in 1988, petitioners cited no relevant authority to support the other deductions they claimed and that were disallowed by respondent. Further, petitioners have failed to prove they are not liable for this addition to tax. Accordingly, if the deficiency determined under the Rule 155 computation is greater than the statutory amount under section 6661, we sustain respondent's determination of *432 this addition to tax. 16. Delinquency Addition for 1988, 1989, and 1990
In her notice of deficiency, respondent determined that petitioners are liable for an addition to tax under section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax in case of a failure to file a timely tax return, unless it is shown that the failure is due to reasonable cause and not due to willful neglect. Petitioners bear the burden of proving that they are not liable for the addition to tax under section 6651(a)(1). Welch v. Helvering, 290 U.S. 111 (1933). The due dates of petitioners' income tax returns for the taxable years 1988, 1989, and 1990 were April 15, 1989, 1990, and 1991, respectively. Sec. 6072(a). Petitioners filed their income tax returns for the taxable years 1988, 1989, and 1990 on May 31, 1990, May 31, 1990, and August 19, 1991, respectively. While petitioners claimed at trial that they had filed for automatic extensions, they offered no evidence to prove that they had done so. No showing was offered of reasonable cause or absence of willful neglect for their failure to timely file their 1988, 1989, and 1990 returns. We, therefore, hold for respondent *433 on this issue. 17. Negligence Addition for 1988--Section 6653(a)
In the notice of deficiency, respondent determined that petitioners' underpayment for the taxable year 1988 was due to fraud under section 6653(b)(1)(A). However, in the answer, respondent conceded this issue and instead asserted that petitioners' underpayment for the taxable year 1988 was due to negligence under section 6653(a). Section 6653(a) imposes an addition to tax if any part of the underpayment of tax is due to negligence or disregard of rules or regulations. For purposes of section 6653(a)(1), "negligence" includes "any failure to make a reasonable attempt to comply" with the income tax laws and "disregard" includes any "careless, reckless, or intentional disregard." Sec. 6653(a)(3). Section 6001 and section 1.6001-1(a) and (e), Income Tax Regs., require taxpayers to keep such permanent books of account or records as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown on their tax returns. The books and records that petitioners maintained for 1988 were inadequate to establish the amount of sales and deductions that they reported on their *434 income tax returns. Petitioners failed to report $ 16,177.97 in Schedule C sales form the M & M Grocery Store. Petitioners claimed deductions in 1988 for which they failed to keep adequate records and which they were unable to substantiate at trial. Accordingly we conclude that petitioners' underpayment in 1988 was due to negligence. We, therefore, hold for respondent on this issue. 18. Negligence Addition for 1989, 1990, and 1991--Section 6662
In the notice of deficiency, respondent determined that petitioners' underpayment for the taxable year 1989 was due to civil fraud under section 6663. However, in the answer filed prior to trial, respondent conceded this issue, and instead asserted that petitioners' underpayment for the taxable year 1989 was due to negligence under section 6662. In the notice of deficiency, respondent also determined that petitioners' entire underpayment for the taxable years 1990 and 1991 was due to negligence under section 6662. Petitioners have the burden of proving that respondent's determinations for the years 1990 and 1991 are erroneous. See Bixby v. Commissioner, 58 T.C. 757 (1972). Section 6662 imposes an addition *435 to tax if any portion of an underpayment of tax is due to negligence or disregard of rules or regulations. For purposes of section 6662, "negligence" includes any failure to make a reasonable attempt to comply with the income tax laws, and "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Section 6001 and section 1.6001-1(a) and (e), Income Tax Regs., require taxpayers to keep such permanent books of account or records as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown on their tax returns. The books and records that petitioners maintained for the taxable years 1989, 1990, and 1991 were inadequate to establish the amount of sales and deductions that they reported on their income tax returns. Petitioners claimed various deductions during each of the taxable years which they were unable to substantiate. Furthermore, petitioners failed to report all of their Schedule C income from M & M Grocery Store during the taxable year 1989. Accordingly, we conclude that petitioners' understatements in 1989, 1990, and 1991 were due to negligence. We hold for respondent on this issue. Conclusion
*436 Petitioners, in their reply brief, ask that this case be returned to the audit stage. This we cannot do. Petitioners, after being issued a notice of deficiency, filed a petition to have a hearing in this Court. We cannot give petitioners the relief they now seek. On the morning of the trial, the Court urged petitioners to settle with respondent on a compromise basis. Even after the trial was over, after hearing the case and realizing the inadequacy of petitioners' pro se presentation, the Court urged petitioners to try to come to some sort of understanding with respondent. Petitioners failed to come to any agreement with respondent. Accordingly, we can only follow the Rules of the Court and base our decision on the evidence as offered the Court. In order to take account of the foregoing and concessions by respondent, Decision will be entered under Rule 155. Footnotes
1. We note that the amount which petitioners contend they are entitled to deduct in 1990 exceeds the $ 1,454 disallowed by respondent.↩
2. In their reply brief, petitioners contend that they did not stipulate having received additional Schedule C sales income in the taxable year 1988. Nonetheless, par. 35 of the stipulation of facts, which was signed by both parties, clearly states the following: "The petitioners concede that they had additional Schedule C sales income in the amount of $ 16,177.97." Rule 91(e) states that this Court will not allow a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, except where justice otherwise requires. Petitioners have not demonstrated any reason why they should be allowed to contradict this stipulation, so petitioners are bound by their stipulation.↩
3. At trial, petitioners contended that they had additional cost of goods sold in excess of $ 45,000 for the taxable year 1988. On brief, petitioners contended that, in fact, they should be entitled to cost of goods sold of $ 29,101.95-- $ 16,160.70 greater than the $ 12,941.25 claimed on the 1988 return. As a general principle, we will not consider issues that are raised for the first time at trial or on brief. Foil v. Commissioner, 92 T.C. 376, 418 (1989), affd. 920 F.2d 1196 (5th Cir. 1990); Markwardt v. Commissioner, 64 T.C. 989, 997↩ (1975). In any event, we find no basis in the record for accepting petitioners' claims that they had additional cost of goods sold.
4. At trial, petitioner testified that he paid his children for helping clean in the store, presumably referring to the M & M Grocery Store. Since the deduction at issue involves his rental property, and not his Schedule C grocery store, this testimony is not credible to establish the deduction.↩
5. The itemized expenses which were used to arrive at the $ 4,431.05 total were as follows: ↩
Auto and travel
$ 145.00
Insurance
379.95
Legal and other professional fees
225.00
Repairs
679.54
Supplies
1,364.41
Taxes
762.15
Wages and salaries
875.00
6. The itemized expenses which were used to arrive at the $ 4,678.69 total were as follows: ↩
Auto and travel
$ 165.00
Insurance
379.95
Legal and other professional fees
250.00
Repairs
724.30
Supplies
1,462.29
Taxes
762.15
Wages and salaries
985.00
We note that petitioners added incorrectly,
understating the total by $ 50.
7. Petitioners arrived at the $ 6,738.56 figure by apparently adding the following figures: ↩
Gross loss (loss from sales)
$ 1,205.57
Cleaning expense
1,040.00
Utilities expense
801.49
Taxes and licenses expense
783.00
Car and truck expenses
1,404.50
Insurance expense
229.00
Legal and professional services
275.00
The sum of these figures is $ 5,738.56, not $ 6,738.56.
8. The difference between the amount claimed on the 1991 Schedule C and the sum of the figures on the Schedule C was actually $ 1,000.↩
9. The invoice for the repair was dated 1994.↩