T.C. Summary Opinion 2009-194

UNITED STATES TAX COURT

MONTY E. STONE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28073-08S.                    Filed December 15, 2009.

Monty E. Stone, pro se.

<u>Nathan Hall</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to Section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule References are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $3,740 deficiency in petitioner's 2007 Federal income tax.  The issues for decision are whether petitioner:  (1) Is entitled to a dependency exemption deduction for J.M.;[1] (2) is entitled to a child tax credit; and (3) is entitled to an earned income credit (EIC).

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time the petition was filed, petitioner resided in California.

In 2006 petitioner was renting housing from his father and living with his longtime girlfriend, Monica Mora (Ms. Mora).  Ms. Mora was unemployed, and petitioner was the sole support of the household.  This living situation continued throughout 2006 and 2007, although Ms. Mora would move out for periods and then return to the home.  Ms. Mora was living with petitioner when she gave birth to J.M. on April 27, 2006.  It was not until late 2007 or early 2008 that petitioner discovered through a DNA test that J.M. was not his biological child.

---

[1]The Court refers to minor children by their initials.  Rule 27(a)(3).

In October 2007 Ms. Mora moved out of petitioner's home on a more permanent basis, although she returned for temporary periods thereafter. Ms. Mora took J.M. with her for a few weeks and then returned J.M. to petitioner. Except for that single incident in late 2007, J.M. resided with petitioner in his home throughout 2007. Petitioner provided food, clothing, and shelter to J.M. from the time of birth through at least the time of trial. The State of California provided some medical treatment to J.M., but the amount expended for this care is not in the record.

Ms. Mora signed a Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, for the 2007 taxable year on July 16, 2009.

As indicated, on August 15, 2008, respondent issued a notice of deficiency determining a deficiency of $3,740. Only the face page and waiver page of the notice of deficiency were included in the record. The parties have not stipulated the tax return, nor have they provided the examination report. From the record, including respondent's pretrial memorandum, the adjustments reflect that respondent determined that petitioner is ineligible for the claimed dependency exemption deduction, the EIC, and a child tax credit.

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, supra; Wilson v. Commissioner, T.C. Memo. 2001-139. A taxpayer is required to maintain records sufficient to substantiate deductions claimed on his or her income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. The fact that a taxpayer reports a deduction on the taxpayer's income tax return is not sufficient to substantiate the claimed deduction. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974). Rather, an income tax return is merely a statement of the taxpayer's claim; it is not presumed to be correct. Wilkinson v. Commissioner, supra at 639; Roberts v. Commissioner, supra at 837; see also Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the claimed deduction or exclusion); Halle v.

Commissioner, 7 T.C. 245 (1946) (a taxpayer's income tax return is not self-proving as to the truth of its contents), affd. 175 F.2d 500 (2d Cir. 1949).

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the substantiation and recordkeeping requirements. See sec. 7491(a)(2)(A) and (B). Petitioner therefore bears the burden of proof. See Rule 142(a).

I.   Dependency Exemption Deduction

A taxpayer is entitled to a dependency exemption deduction only if the claimed dependent is a "qualifying child" or a "qualifying relative" as defined under section 152(c) and (d). Sec. 152(a). A qualifying child is defined as the taxpayer's child, brother, sister, stepbrother, or stepsister, or a descendant of any of them. Sec. 152(c)(1) and (2). The term "child" includes a legally adopted individual and a foster child placed in the care of the taxpayer by an authorized placement agency or by a court order. Sec. 152(f)(1). J.M. is not a qualifying child because he is not related to petitioner and is not an adopted or foster child.

An individual who is not a qualifying child may still, under certain conditions, qualify as a dependent if he or she is a

qualifying relative.  Sec. 152(a).  Under section 152(d)(1), a qualifying relative is an individual:  (A) Who bears a qualifying relationship to the taxpayer; (B) whose gross income for the year is less than the section 151(d) exemption amount; (C) who receives over one-half of his or her support from the taxpayer for the taxable year; and (D) who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year.

Section 152(d)(2)(A)-(H) lists eight types of qualifying relationships, seven of which involve various familial relationships which do not apply to the circumstances herein. The eighth type of qualifying relationship applies to an individual, other than the taxpayer's spouse, who has the same principal place of abode as the taxpayer and is a member of the taxpayer's household for the taxable year.  Sec. 152(d)(2)(H). In order for an individual to be considered a member of a taxpayer's household, the taxpayer must maintain the household and both the taxpayer and the individual must occupy the household for the entire taxable year.  Sec. 1.152-1(b), Income Tax Regs.  A temporary absence from the household will not prevent an individual from being considered as living with the taxpayer for the entire year.  Id.  A taxpayer maintains a household when he or she pays more than one-half of the expenses for the household.  See sec. 2(b); Rev. Rul. 64-41, 1964-1 C.B. (Part 1) 84, 85.

The Court is satisfied that J.M. resided with petitioner and had the same principal place of abode as petitioner. The Court is further satisfied that no individual other than petitioner supported J.M. and that the child had no other source of income or support besides his medical care provided for by the State of California.[2] Since J.M. had no other source of income or support, we assume for purposes of the test that petitioner provided more than one-half of J.M.'s support as defined in section 1.152-1(a)(2), Income Tax Regs. Additionally, petitioner paid rent and provided food for the home; there is no evidence of another source of maintenance of the household as defined in section 1.2-2(d), Income Tax Regs. Thus, petitioner has satisfied section 152(d)(1)(A)-(C).

Section 152(d)(1)(D) requires a qualifying relative to be neither the petitioner's qualifying child nor the qualifying child of any other taxpayer. As stated above, J.M. is not petitioner's qualifying child; however, J.M. is the qualifying child of Ms. Mora. A qualifying child must meet all of the following requirements: (1) Bear a relationship to the taxpayer such as son or daughter, (2) have the same principal place of abode as the taxpayer for more than one-half of the taxable year (3) be under the age of 19, and (4) not provide more than one-

_____

[2]The record is void of any detail as to amounts expended for medical care, and we decline to speculate as to the amounts provided.

half of his own support.  Sec. 152(c).  J.M. is the qualifying child of Ms. Mora because he is her son, Ms. Mora and J.M. had the same principal place of abode for more than 6 months[3] (albeit with petitioner) in 2007, J.M. was 1 year old in 2007, and he did not provide any of his own support.  Thus Ms. Mora meets all four requirements for the year 2007.

We are satisfied that petitioner provided and continued to provide, as of the date of trial, the vast majority of J.M.'s support and care.  However, since Ms. Mora is entitled to claim J.M. as her qualifying child for 2007[4] and J.M. is not petitioner's biological child, nor has any agency placed the child with him, petitioner is not entitled to the claimed dependency exemption deduction for 2007.  Sec. 152(d)(1)(D).

We recognize that petitioner treated J.M. as his child from birth and, in fact, continued to so treat J.M. after he learned that he was not J.M.'s biological father.  The requirements for a dependency exemption deduction are complex, and the definitions of "qualifying child" and "qualifying relative" are replete with multiple tests for qualification.  Despite petitioner's good

---

[3]Ms. Mora resided with petitioner from at least Apr. 26, 2006, to sometime in October 2007. Additionally, petitioner testified that she would move back in with him for periods before April 2006 and after she left in October 2007.

[4]The Form 8332 has no legal effect here, since the form applies only in a situation where a noncustodial "parent" is seeking to claim a child for a dependency exemption.

intentions of providing a home and support for J.M., petitioner does not meet the tests set forth in the labyrinth of subsections enacted by Congress.

II.  Earned Income Credit

An eligible individual is entitled to a credit against his Federal income tax liability, calculated as a percentage of his earned income, subject to certain limitations.  Sec. 32(a)(1); Rowe v. Commissioner, 128 T.C. 13, 15 (2007). Different percentages and amounts are used to calculate the EIC, depending on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.  Sec. 32(b); Rowe v. Commissioner, supra at 15.  A "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c).  Sec. 32(c)(3)(A).

As previously discussed, J.M. is not petitioner's qualifying child; thus, petitioner is not entitled to the EIC with one qualifying child for 2007.[5]

III. Child Tax Credit

Section 24(a) provides a credit with respect to each qualifying child of the taxpayer.  Section 24(c)(1) defines the term "qualifying child" as "a qualifying child of the taxpayer

---

[5]Since the tax return has not been made part of the record, we cannot opine as to the amount of any EIC (without a qualifying child) petitioner would be entitled to on the basis of his income.

(as defined in section 152(c)) who has not attained age 17."[6] The child tax credit may not exceed the taxpayer's regular tax liability. Sec. 24(b)(3). Where a taxpayer is eligible for the child tax credit, but the taxpayer's regular tax liability is less than the amount of the child tax credit potentially available under section 24(a), section 24(d) makes a portion of the credit, known as the additional child tax credit, refundable.

Since J.M. is not petitioner's qualifying child, petitioner is not entitled to the child tax credit or the additional child tax credit.

To reflect the foregoing,[7]

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[6]The credit is reduced by $50 for each $1,000 (or fraction thereof) by which an individual's modified adjusted gross income exceeds $110,000 in the case of a joint return, $75,000 in the case of an unmarried individual, and $55,000 in the case of a married individual filing a separate return. Sec. 24(b).

[7]Because petitioner may be entitled to a lesser EIC as a result of our conclusions, we will enter the decision under Rule 155.