T.C. Summary Opinion 2010-80


UNITED STATES TAX COURT


ANDRE KEITH MOORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4377-09S.          Filed June 21, 2010.


<u>Frank Agostino</u>, <u>Reuben Muller</u>, and Kevin Carson (student),
for petitioner.

<u>James Caligure</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.
Pursuant to section 7463(b), the decision to be entered is not
reviewable by any other court, and this opinion shall not be
treated as precedent for any other case.  Unless otherwise

indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $4,896 deficiency in petitioner's 2007 Federal income tax. After concessions,[1] the issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction for S.S.; (2) whether petitioner is entitled to claim head of household filing status; (3) whether petitioner is entitled to the child tax credit and additional child tax credit; (4) whether petitioner is entitled to an earned income credit (EIC); and (5) whether petitioner is entitled to a child care credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the stipulation of settled issues, and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in New York.

Petitioner and his girlfriend Lisa Saunders (Ms. Saunders) met in 1989 and began a relationship shortly thereafter. Their relationship continued intermittently for a number of years. Ms.

---

[1]Petitioner conceded by stipulation that he is not entitled to claim an additional child, L.S., as a dependent or for purposes of the child tax credit, additional child tax credit, earned income credit, or child care credit. The Court refers to minor children by their initials. See Rule 27(a)(3).

Saunders' son S.S. was born in 1994. Since 1998 petitioner and Ms. Saunders have lived together with S.S. as a family. Although petitioner holds Ms. Saunders out as his wife, petitioner and Ms. Saunders have never been married. Petitioner is not listed as the father on S.S.'s birth certificate. Petitioner asserted in his petition that he is not S.S.'s biological father.

Petitioner, Ms. Saunders, and S.S. lived together throughout 2007 in two rooms petitioner rented. Petitioner worked as a bus driver in 2007 and earned $21,425 in wages with $1,411 of withholding. Ms. Saunders reported $8,457 of income on her 2007 Federal income tax return. Ms. Saunders also received public benefits in 2007, but the source and amount of those benefits is not revealed by the record.

Petitioner timely filed his 2007 income tax return and claimed total payments of $6,307, which was subsequently refunded to him. Respondent issued a notice of deficiency on November 28, 2008, determining a deficiency of $4,896. Respondent determined that petitioner is ineligible for the claimed head of household filing status, the dependency exemption deductions, the EIC, the child tax credit, the additional child tax credit, and the child care credit. Petitioner timely filed a petition in response to the notice of deficiency.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, supra; Wilson v. Commissioner, T.C. Memo. 2001-139. A taxpayer is required to maintain records sufficient to substantiate deductions claimed on his or her income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. The fact that a taxpayer reports a deduction on the taxpayer's income tax return is not sufficient to substantiate the claimed deduction. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974). Rather, an income tax return is merely a statement of the taxpayer's claim; it is not presumed to be correct. Wilkinson v. Commissioner, supra at 639; Roberts v. Commissioner, supra at 837; see also Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the claimed deduction or exclusion); Halle v.

Commissioner, 7 T.C. 245 (1946) (a taxpayer's income tax return is not self-proving as to the truth of its contents), affd. 175 F.2d 500 (2d Cir. 1949).

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the substantiation and recordkeeping requirements. See sec. 7491(a)(2)(A) and (B). Petitioner therefore bears the burden of proof. See Rule 142(a).

I.   Dependency Exemption Deduction

A.   General

A taxpayer is entitled to a dependency exemption deduction only if the claimed dependent is a "qualifying child" or a "qualifying relative" as defined under section 152(c) and (d). Sec. 152(a). A qualifying child is defined as the taxpayer's child, brother, sister, stepbrother, or stepsister, or a descendant of any of them. Sec. 152(c)(1) and (2). The term "child" includes a legally adopted individual and a foster child placed in the care of the taxpayer by an authorized placement agency or by a court order. Sec. 152(f)(1).

B.   Qualifying Child--Section 152(c)

In the petition, petitioner asserted he is not S.S.'s biological father. At trial petitioner testified he is S.S.'s

biological father.  While Ms. Saunders, S.S.'s biological mother, presented testimony on this subject, her testimony was inconsistent and confusing with respect to dates and relationships.  No reasonable explanation was provided as to why petitioner was not listed as the father on S.S.'s birth certificate.  We conclude that petitioner's assertion in the petition is more credible and do not accept his uncorroborated, self-serving testimony that he is S.S.'s biological father.  See Urban Redev. Corp. v. Commissioner, 294 F.2d 328, 332 (4th Cir. 1961), affg. 34 T.C. 845 (1960); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  Therefore, S.S. is not a qualifying child because he is not related to petitioner and is not an adopted or foster child.

C.    Qualifying Relative--Section 152(d)

An individual who is not a qualifying child may, under certain conditions, qualify as a dependent if he or she is a qualifying relative.  Sec. 152(a).  Under section 152(d)(1), a qualifying relative is an individual:  (A) Who bears a qualifying relationship to the taxpayer; (B) whose gross income for the year is less than the section 151(d) exemption amount; (C) who receives over one-half of his or her support from the taxpayer for the taxable year; and (D) who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year.

To fit within the test of a qualifying relative, the individual must satisfy each of the above requirements. There are multiple reasons S.S. is not a qualifying relative.

D. Section 152(d)(1)(D)

Section 152(d)(1)(D) requires a qualifying relative to be neither the taxpayer's qualifying child nor the qualifying child of any other taxpayer. A qualifying child must meet all of the following requirements: (1) Bear a relationship to the taxpayer such as son or daughter, (2) have the same principal place of abode as the taxpayer for more than one-half of the taxable year, (3) be under the age of 19, and (4) not provide more than one-half of his own support. Sec. 152(c). S.S. is the qualifying child of Ms. Saunders because he is her son, Ms. Saunders and S.S. had the same principal place of abode for more than 6 months (albeit with petitioner), S.S. was 13 years old, and he did not provide any of his own support. Thus S.S. meets all four requirements for the year 2007. Since S.S. is the qualifying child of Ms. Saunders, S.S. cannot be a qualifying relative for purposes of petitioner's claimed dependency exemption deduction. See sec. 152(d)(1)(D).

E. Section 152(d)(1)(A) and (C)

Even if the provisions of section 152(d)(1)(D) were satisfied, S.S. would fail to qualify under the provisions of section 152(d)(1)(A) and (C). Section 152(d)(2) lists eight

qualifying relationships, seven of which involve various familial relationships which do not apply to the circumstances herein. The eighth type of qualifying relationship applies to an individual, other than the taxpayer's spouse, who has the same principal place of abode as the taxpayer and is a member of the taxpayer's household for the taxable year. Sec. 152(d)(2)(H). In order for an individual to be considered a member of a taxpayer's household, the taxpayer must maintain the household and both the taxpayer and the individual must occupy the household for the entire taxable year. Sec. 1.152-1(b), Income Tax Regs. A taxpayer maintains a household when he or she pays more than one-half of the expenses for the household. See sec. 2(b); Rev. Rule 64-41, 1964-1 C.B. (Part 1) 84, 85.

The Court is satisfied that S.S. resided with petitioner and had the same principal place of abode as petitioner. In order for the Court to determine whether a taxpayer provided over one-half of the cost of maintaining a household, the taxpayer must establish the total cost of maintaining the household. See Rosen v. Commissioner, T.C. Memo. 1994-40; see also Smith v. Commissioner, T.C. Memo. 2008-229. Costs of maintaining a household include "property taxes, mortgage interest, rent, utility charges, upkeep and repairs, property insurance, and food consumed on the premises." Sec. 1.2-2(d), Income Tax Regs. Although petitioner was the primary breadwinner of the family,

there is evidence that Ms. Saunders also had income for 2007 and contributed to the household.  There is also evidence that Ms. Saunders received some public assistance in 2007, although the source and amount are unclear.  Petitioner did not keep records showing the household expenses, the amount that he paid towards those expenses, or that he paid more than one-half of the total expenses for the household.  Petitioner and Ms. Saunders failed to provide testimony that might have sufficed in this regard. Therefore, petitioner has not proven that he has a qualifying relative, sec. 152(d)(1)(A), or that S.S. received more than half of his support from petitioner, sec. 152(d)(1)(C).  Accordingly, S.S. is not a qualifying relative under either section 152(d)(1)(A) or (C).

We recognize that petitioner treated S.S. as his child and continues to treat S.S. as his child.  Despite petitioner's good intentions of providing a home and support for S.S., petitioner does not meet the requirements set forth in the Internal Revenue Code and is not entitled to claim S.S. as his dependent for 2007.

II.  Head of Household Filing Status

Section 1(b) imposes a special tax rate on an individual taxpayer who files a Federal income tax return as a head of household.  Section 2(b) in pertinent part defines a head of household as an individual taxpayer who:  (1) Is unmarried as of the close of the taxable year and is not a surviving spouse; and

(2) maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of a dependent for whom the taxpayer is entitled to a deduction under section 151.  See also, e.g., <u>Rowe v. Commissioner</u>, 128 T.C. 13, 16-17 (2007).  The taxpayer is considered as maintaining a household only if the taxpayer furnishes over one-half of the cost of maintaining the household.  Sec. 2(b)(1).

Since petitioner does not have a dependent and has not provided evidence to show he maintained the household, he is not entitled to head of household filing status.

III. <u>Child Tax Credit</u>

Section 24(a) provides a credit with respect to each qualifying child of the taxpayer.  Section 24(c)(1) defines the term "qualifying child" as "a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."[2] The child tax credit may not exceed the taxpayer's regular tax liability.  Sec. 24(b)(3).  Where a taxpayer is eligible for the child tax credit, but the taxpayer's regular tax liability is less than the amount of the child tax credit potentially available under section 24(a), section 24(d) makes a portion of the credit, known as the additional child tax credit, refundable.

_____

[2]The credit is reduced by $50 for each $1,000 (or fraction thereof) by which an individual's modified adjusted gross income exceeds specified amounts not relevant herein.  Sec. 24(b).

Since S.S. is not petitioner's qualifying child, petitioner is not entitled to the child tax credit or the additional child tax credit.

IV. Earned Income Credit

An eligible individual is entitled to a credit against his Federal income tax liability, calculated as a percentage of his earned income, subject to certain limitations. Sec. 32(a)(1); Rowe v. Commissioner, supra at 15. Different percentages and amounts are used to calculate the EIC, depending on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children. Sec. 32(b); Rowe v. Commissioner, supra at 15. A "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c). Sec. 32(c)(3)(A).

As previously discussed, S.S. is not petitioner's qualifying child; thus, petitioner is not entitled to the EIC with one qualifying child for 2007.[3]

V. Child Care Credit

Section 21(a) allows a taxpayer a credit for a certain percentage of employment-related expenses incurred to enable the

---

[3]Petitioner's adjusted gross income for 2007 exceeded $12,590; accordingly he is also ineligible to claim an earned income credit under sec. 32(c)(1)(A)(ii) as an individual without a qualifying child. See Rev. Proc. 2006-53, sec. 3.07(1), 2006-2 C.B. 996, 1000.

taxpayer to be employed gainfully, including expenses for the care of a "qualifying individual". See sec. 21(a) and (b)(2). A qualifying individual must be: (1) The taxpayer's qualifying child or qualifying relative under the age of 13; (2) certain of the taxpayer's qualifying children or relatives who are unable to care for themselves; or (3) a spouse of the taxpayer unable to care for himself or herself who lives with the taxpayer for more than half of the taxable year. Sec. 21(b)(1).

Because petitioner has no qualifying individuals, he is not entitled to the child care credit for 2007.

## Conclusion

For reasons discussed herein, petitioner is not entitled to claimed deductions, credits, or head of household filing status. Respondent's determination is therefore sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.