T.C. Summary Opinion 2010-131

UNITED STATES TAX COURT

TONI MARIE OGNIBENE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24828-08S.           Filed September 7, 2010.

Toni Marie Ognibene, pro se.

Nicholas Doukas, for respondent.

ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2005, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2005 Federal income tax of $2,961.

The issue for decision is whether petitioner is entitled to various Schedule A and Schedule C deductions that respondent disallowed for lack of substantiation. We hold that she is not.

## Background

The parties stipulated only to venue and to copies of petitioner's 2005 Federal income tax return and respondent's notice of deficiency. The fact stipulated is so found, and we incorporate by reference the parties' stipulation of facts and its two accompanying exhibits.

Petitioner resided in the State of California when the petition was filed.

During 2005, the taxable year in issue, petitioner lived in Los Angeles, California, and worked downtown, presumably on a full-time basis, for Ancillary Care Management, Inc. (Ancillary Care), "doing third-party health care coordination".[2]

In addition to her employment, petitioner engaged in "mobile tutoring", which petitioner described as "a tutoring business, for ages kindergarten through senior year of high school,

---

[2] As further described by petitioner: "My responsibilities was [sic]--it was coordination and fixing of paperless claims through Blue Cross/Blue Shield."

teaching anything from reading to SATs."  As a "mobile tutor", petitioner traveled between Los Angeles, where she had "approximately" two students, and Fresno, where she had "approximately" three students.  "I would drive back and forth, which is about 317 miles one way, tutoring students from SATs to reading."  Petitioner drove between Los Angeles and Fresno "nearly every weekend" using her only personal vehicle, a Ford Explorer SUV, which "takes a great deal of fuel."

Petitioner tutored "for 1 hour at a time" but did not always get paid because, as petitioner explained:  "there were times where the client couldn't pay, where the parents were just unable to."  Petitioner's fee "per session was about $15, $10, averaging".

During 2005, petitioner maintained a checking account, and she regularly used a debit card "so all transactions are logged."

Petitioner filed a Federal income tax return for 2005.  On her return, petitioner listed her occupation as "finance", and she reported negative taxable income, which was occasioned principally by itemized deductions of $22,000 claimed on a Schedule A, Itemized Deductions, and a net loss of $18,149 claimed on a Schedule C, Profit or Loss From Business.

On her Schedule A, petitioner claimed the following deductions:

```
Medical/Dental                      $  3,539
     less: 7½% AGI                  -  1,002     $ 2,537
Taxes                                            1,163
Charity
     cash or check                  4,372
     property                         350
     carryover from prior year        462         5,184
Job Expenses & Tax Prep fees
     employee expenses             13,303
     tax preparation fees              80
                                   13,383
     less: 2% AGI                    -267        13,116
Total Itemized Deductions                       $22,000
```

In support of the $13,303 deduction claimed for job expenses, petitioner attached to her return a Form 2106, Employee Business Expenses.  On that form, petitioner claimed the following:

```
     Vehicle expense              $ 7,838
     Other business expenses        5,228
     Meals/entertainment
          total          $474
          less: 50%      -237           237
     Total                        $13,303
```

Petitioner claimed a vehicle expense of $7,838 based on "actual expenses", which petitioner computed as follows:

```
     Gasoline, oil repairs
          insurance, etc.          $7,801
     x business use percentage     x 81.850%
                                    6,385
     + depreciation                 1,453
     Total                         $7,838
```

Petitioner computed the business use percentage of 81.85 as follows:

```
     Total miles driven in 2005        50,298
     less: commuting miles             -4,025
          other nonbusiness miles      -5,106
     Business miles                    41,167
```

Percentage of business use:
    41,167mi. ÷ 50,298mi.            81.850%

Petitioner computed depreciation based on a vehicle cost of $29,995 and a vehicle placed-in-service date of May 23, 2002.

Petitioner attached to her return a Form 4562, Depreciation and Amortization, regarding the aforementioned depreciation deduction of $1,453, as well as a second depreciation deduction of $558 that was apparently subsumed in the category of "Other business expenses" on the Form 2106.  The Form 4562 reflected the following:

| Property | Service date | Business Use Percentage | Cost Basis | Depreciation Deduction |
|---|---|---|---|---|
| Ford Explorer | May 23, 2002 | 81.850 | $29,995 | $1,453 |
| Dell computer | Jan 01, 2004 | 70.000 | 3,560 | 558 |
| | | | | $2,011 |

On her Schedule C for her "mobile tutoring business", petitioner reported gross receipts of $445 and claimed total expenses of $18,594, for a net loss of $18,149.  Chief among the claimed expenses were the following two:

Car and truck expenses     $14,368
Depreciation                2,654

Petitioner did not complete Part IV of Schedule C regarding "Information on Your Vehicle" in support of the deduction for car and truck expenses of $14,368.  But in support of the depreciation deduction of $2,654, petitioner attached to her return a second Form 4562, Depreciation and Amortization, reporting the following:

|                | Service date  | Business Use Percentage | Cost Basis | Depreciation Deduction |
|----------------|---------------|-------------------------|------------|------------------------|
| Property       |               |                         |            |                        |
| Ford Explorer  | May 23, 2002  | 91.610                  | $29,995    | $1,626                 |
| Dell computer  | Jan 01, 2004  | 100.000                 | 3,560      | 1,028                  |
|                |               |                         |            | $2,654                 |

In the notice of deficiency, respondent disallowed, for lack of substantiation, deductions claimed by petitioner on Schedule A for medical and dental expenses, charitable contributions, and employee business expenses. Respondent did not specifically disallow the deduction claimed for taxes paid; however, that deduction was less than the standard deduction, so respondent allowed the latter instead as it was more advantageous to petitioner. See sec. 63(c). Respondent appears to have disallowed the deduction claimed for tax prep fees only because it did not exceed 2 percent of petitioner's adjusted gross income. See sec. 67(a).

Also in the notice of deficiency, respondent disallowed, for lack of substantiation, deductions claimed by petitioner on Schedule C for car and truck expenses and depreciation.

### Discussion

#### Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Specifically, deductions are a matter of

legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); <u>Deputy v. du Pont</u>, 308 U.S. 488, 493 (1940); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).  Although section 7491(a) may serve to shift the burden of proof to the Commissioner under certain circumstances, it does not do so here for at least three reasons:  Petitioner failed to raise the matter; petitioner failed to comply with substantiation requirements and to cooperate with reasonable requests by respondent, see sec. 7491(a)(2)(A) and (B); and petitioner failed to introduce credible evidence, see sec. 7491(a)(1).  Accordingly, petitioner bears the burden of proof.

<u>Principles Governing Substantiation</u>

Contrary to petitioner's apparent view, the fact that a taxpayer reports a deduction on the taxpayer's income tax return and attaches some IRS-prescribed form in support of that deduction is not sufficient to substantiate the deduction claimed on the return.  <u>Wilkinson v. Commissioner</u>, 71 T.C. 633, 639 (1979); <u>Roberts v. Commissioner</u>, 62 T.C. 834, 837 (1974).  A tax return is merely a statement of the taxpayer's claim; the return is not presumed to be correct.  <u>Wilkinson v. Commissioner</u>, <u>supra</u> at 639; <u>Roberts v. Commissioner</u>, <u>supra</u> at 837; see also <u>Seaboard Commercial Corp. v. Commissioner</u>, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that

may not be accepted as proof for the deduction or exclusion claimed by the taxpayer); <u>Halle v. Commissioner</u>, 7 T.C. 245 (1946) (a taxpayer's return is not self-proving as to the truth of its contents), affd. 175 F.2d 500 (2d Cir. 1949).

A taxpayer is required to maintain records sufficient to substantiate deductions claimed by the taxpayer on his or her return. See generally sec. 6001 ("Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records * * * and comply with such rules and regulations as the Secretary may from time to time prescribe."); sec. 1.6001-1(a), Income Tax Regs. ("Any person subject to tax * * * shall keep such permanent books of account or records * * * as are sufficient to establish the amount of * * * deductions."); sec. 1.6001-1(e), Income Tax Regs. ("The books or records required by this section shall be kept at all times available for inspection by authorized internal revenue officers or employees, and shall be retained so long as the contents thereof may become material in the administration of any internal revenue law.").

As a general rule, if, in the absence of such records, a taxpayer provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of such expense and allow the deduction to that extent. <u>Cohan v.</u>

Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, in order for the Court to estimate the amount of an expense, we must have some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  Without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

However, in the case of certain expenses, section 274(d) overrides the so-called Cohan doctrine.  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Specifically, and as pertinent herein, section 274(d) provides that no deduction is allowable for traveling expenses (including meals and lodging while away from home) or entertainment expenses or with respect to listed property as defined in section 280F(d)(4), unless the deduction is substantiated in accordance with the strict substantiation requirements of section 274(d) and the regulations promulgated thereunder.[3]  Included within the definition of listed property

---

[3]  Sec. 274(d) provides in pertinent part as follows:

SEC. 274. Disallowance of Certain Entertainment, Etc. Expenses.
    (d) Substantiation required.--No deduction or credit shall be allowed--
        (1) * * * for any traveling expense (including meals and lodging while away from home,
        (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, * * *

(continued...)

in section 280F(d)(4) is any passenger automobile or other property used as a means of transportation and any computer. Sec. 280F(d)(4)(A)(i), (ii), (iv), (5); sec. 1.280F-6(b) and (c), Income Tax Regs.

Thus, under section 274(d), no deduction is allowable for expenses incurred in respect of listed property on the basis of any approximation or the unsupported testimony of the taxpayer. See, e.g., <u>Murata v. Commissioner</u>, T.C. Memo. 1996-321; <u>Golden v. Commissioner</u>, T.C. Memo. 1993-602. In other words, in the absence of adequate records or sufficient evidence corroborating the taxpayer's own statement, any deduction that is subject to the stringent substantiation requirements of section 274(d) is proscribed.

---

[3](...continued)
          (3) for any expense for gifts, or
          (4) with respect to any listed property (as defined in
     section 280F(d)(4)),
unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift * * *.

Analysis

Schedule A Deduction for Medical and Dental Expenses

Petitioner introduced no documentary evidence whatsoever regarding the claimed deduction.  The sum total of petitioner's testimonial evidence on this issue was as follows:

> PETITIONER:  The medical and dental expenses were -- I paid cash for my -- they are for copay visits, as well as the cost of lingual braces, which was $10,000, as well as the cost for the regular visits.  I go to a psychiatrist, as well as pay for my medication out of cash.  My insurance premiums were extremely high that year.  So all my medical expenses are paid from cash out of -- per my employer.
>
>     \*      \*      \*      \*      \*      \*      \*
>
> THE COURT:  \* \* \*  So the medical providers would take a debit card?
>
> PETITIONER:  Yes.  \* \* \*  And their charts upon -- indicated for a copay -- so a dermatologist, ophthalmologist for contact lenses, psychiatrist, orthodontist, dentist, and dermatologist, a second dermatologist, a surgeon. \* \* \*  All specialists. \* \* \* And the deduction indicates the cost for copay, the cost of prescriptions, the cost of optical lenses, the cost of lingual braces, extractions, cleanings, for each of those, which are -- which are indicated on -- in my checking -- checking account statements, which can be substantiated.

As previously stated, petitioner did not introduce her checking account statements, or any other documentary evidence, in support of the claimed deduction.  Although we are willing to accept petitioner's testimony that copays were incurred in consulting with specialists, there is no support in the record for a finding that allowable medical and dental expenses exceed

the statutory threshold of 7.5 percent of adjusted gross income as required by section 213(a). See <u>Williams v. United States</u>, <u>supra</u> at 560; <u>Vanicek v. Commissioner</u>, <u>supra</u> at 743. Respondent's disallowance determination is therefore sustained.

<u>Schedule A Deduction for Charitable Contributions</u>

Petitioner introduced no documentary evidence whatsoever regarding the claimed deduction.[4] And petitioner did not even testify regarding the "carryover from prior year". Regarding contributions in 2005, petitioner's testimony was, at best, vague regarding the beneficiaries of her largesse and specific amounts

---

[4] Substantiation requirements for 2005 that are specifically applicable to deductions of charitable contributions are succinctly summarized in <u>Freedman v. Commissioner</u>, T.C. Memo. 2010-155, as follows:

> A taxpayer claiming a charitable contribution of money is generally required to maintain for each contribution a canceled check, a receipt from the donee charitable organization showing the name of the organization and the date and amount of the contribution, or other reliable written records showing the name of the donee, the date, and amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs. Factors that indicate reliability include, but are not limited to, the contemporaneous nature of the writing, the regularity of the taxpayer's recordkeeping procedures, and the existence of any other evidence from the donee charitable organization evidencing receipt. Sec. 1.170A-13(a)(2), Income Tax Regs. In addition, no deduction is allowed, for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment by a qualified donee organization. Sec. 170(f)(8)(A). [Fn. ref. omitted.]

donated.  The sum total of petitioner's testimonial evidence on
this issue was as follows:

> PETITIONER:  Contributions were for -- were for
> traveling back and forth to Team in Training, which was
> a marathon.  I worked with the local chapter.  I do
> have statements of just cash donations.  The other cash
> donations were in terms of paying for rides, working
> with my Los Angeles Church, which was Valley
> Presbyterian Church, working with a high school group.
> So the second organization that I worked with was
> Valley Presbyterian.  That was taking -- I worked with
> a junior high group, mentoring them.  So I -- the cost
> of fuel and -- which can be substantiated with Well
> Fargo checking accounts.

As previously stated, petitioner did not introduce her Wells
Fargo checking accounts, or any other documentary evidence, in
support of the claimed deduction.  Although we are willing to
accept petitioner's testimony that she made charitable
contributions, there is no support in the record for a finding
that allowable contributions, in combination with other allowable
itemized deductions, exceed the standard deduction.  See Williams
v. United States, 245 F.2d at 560; Vanicek v. Commissioner, 85
T.C. at 743.  Respondent's disallowance determination is
therefore sustained.

### Schedule A Deduction for Employee Business Expenses

According to petitioner's return, the $13,303 deduction for
employee business expenses consisted of vehicle expense of $7,838
and "other business expenses" of $5,228.  Other than depreciation
of $558 on a Dell computer, the return does not identify the
other components of "other business expenses".  At trial,

petitioner attempted to explain; the sum total of her testimony in that regard was as follows:

> PETITIONER: One of them is -- one of them was for travel to Minnesota, which was -- which was for business deductions.[5] They were travel back and forth to several of our locations. We had to pay for parking on our own without reimbursement, which was $170 -- which was -- I'm sorry -- $72 -- $72 a month to pay for parking that was not reimbursed, the use of my own computer, which was also included with that, and the cost to furnish my own supplies for that same business, as we ran out of money that year.[6]

Most of the claimed deduction for employee business expenses is subject to the strict substantiation requirements of section 274(d) because the expenses relate to petitioner's vehicle, traveling expenses, or meals and entertainment. Suffice it to say that the record includes no documentation substantiating such expenses,[7] and petitioner's testimony is no substitute for such

---

[5] We infer from this testimony, as well as petitioner's Form W-2, Wage and Tax Statement, that the home office or headquarters of petitioner's employer, Ancillary Care, was located in Minnesota.

[6] "That same business" refers to the business of petitioner's employer, Ancillary Care.

[7] At trial, a small spiral notebook was marked for identification and moved by petitioner for admission into evidence. Counsel for respondent objected on the grounds that petitioner had not previously made such notebook available to the examining agent, that after calendar call on the first day of the trial session petitioner had declined to permit an Appeals officer to review the notebook, and that on the morning of the second day of the trial session petitioner had declined to meet with the Appeals officer to go over the notebook and whatever other records petitioner might have. After a prolonged voir dire of the Appeals officer by both parties, the Court sustained

(continued...)

documentation.[8]  Without the requisite documentation, no deduction is allowable.

Regarding that part of the claimed deduction that might not be subject to the strict substantiation requirements of section 274(d), suffice it to say that there is no support in the record for a finding that allowable expenses exceed the statutory threshold of 2 percent of adjusted gross income as required by section 67(a) or, to the extent that such threshold might be exceeded, that such excess, in combination with other allowable itemized deductions, exceeds the standard deduction for the year. See Williams v. United States, supra at 560; Vanicek v. Commissioner, supra at 743.

In view of the foregoing, respondent's disallowance determination is sustained.

Schedule C Deductions

The claimed Schedule C deductions are subject to the strict substantiation requirements of section 274(d) because they relate to petitioner's vehicle and computer, both of which are listed property.  Suffice it to say that the record includes no

---

[7](...continued)
counsel's objection, and the notebook was not admitted into evidence.

[8]  Because we hold that petitioner failed to satisfy the strict substantiation requirements of sec. 274(d) and is therefore not entitled to the deductions in issue on that basis, we need not discuss the duplication of deductions most obviously revealed in petitioner's two Forms 4562.

documentation substantiating such expenses, and petitioner's testimony is no substitute for such documentation.[9]  Without the requisite documentation, no deduction is allowable.  Respondent's disallowance determination is therefore sustained.

### Conclusion

Petitioner failed to prove that she is entitled to any of the deductions in issue.  Respondent's deficiency determination is therefore sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[9]  See <u>supra</u> notes 7 and 8.